# Borough of Nanticoke *versus* Warne.

106  373
154  447

1. Where the board sidewalk of a public street in a borough has been for a long time in a rotten and dangerous condition, of which the borough authorities had notice, the borough is liable for injuries caused to a foot passenger (without contributory negligence) by the foot walk giving away.

2. In such case a husband may recover damages for the loss of service of his wife who was injured by falling through such defective sidewalk.

3. While plaintiff's wife was walking along the board sidewalk of a borough, a plank gave way and she was thrown forward, receiving severe injuries. The walk was known both to plaintiff and others to be defective, but the wife first knew of it when she was injured: *Held*, that it was for the jury to say whether the husband was guilty of negligence, because he did not warn her of the condition of the sidewalk.

4. The jury having found no negligence on the part of the husband: *Held*, that the borough was liable to the husband for loss of services, and expenses incurred on account of his wife's injuries.

5. City of Erie *v.* Magill, 5 Out., 616, distinguished.

April 17, 1884.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Luzerne county:* Of January Term, 1884, No. 81.

This was an action on the case by William Warne against the Borough of Nanticoke, to recover damages for the loss of service and the expenses incurred by him in consequence of the injury suffered by his wife, Elwida, from a fall, which was alleged to have been caused by the defendant's negligence.

On the trial, before RICE, P. J., the following facts appeared: On the afternoon of August 30th, 1880, Mrs. Elwida Warne was walking along the board sidewalk on Market street, in the borough of Nanticoke, on her way to the doctor's to procure medicine for her child, when suddenly the planks gave away, and she was thrown forward upon her stomach, receiving severe injuries of a permanent nature.   At the time of the accident, and prior thereto, the sidewalk had been out of repair, the planks being loose and the stringers at the place of the accident being rotten.   The Street Commissioner testified that he had noticed the condition of the walk, and had requested the owner of the adjoining property to repair it.   Warne, the plaintiff in this suit, and the husband of the party injured, knew that there were loose places and holes in the sidewalk, and was present when his wife started on her errand, but did not tell her about the condition of the walk, although he knew his wife, by taking the usual route to

[Nanticoke Boro' *v.* Warne.]

the doctor's, would pass these places. Mrs. Warne testified that she never observed any defect in the sidewalk, except holes at some places, and she also testified that "it looked perfectly safe" where she went through.

Several other witnesses testified as to the dangerous character of the sidewalk.

The defendant presented, inter alia, the following points:—

3. If the jury believe there was a latent defect in the walk in front of Shay's lot, and that Mr. Warne knew of this defect, and also knew that by reason thereof it was dangerous and unsafe, and failed to notify the borough authorities, or to warn his wife, then if it appears that she was injured, as described by her, the plaintiff cannot recover in this suit.

Answer. We cannot charge as requested in this point. If he was guilty of concurrent negligence, that is, if he did not use ordinary care in the matter, that would, of course, prevent his recovery. In considering the question as to whether or not he exercised ordinary care, you will inquire whether he knew of the defect, whether it was latent, not readily seen, and whether it was dangerous and unsafe for a person to go upon it, even with the exercise of ordinary care in passing over; and lastly, whether he knew that his wife was about to pass over the same upon her way down town for the medicine. If, under all the circumstances, it is shown that he did not exercise ordinary care—the care which an ordinarily prudent man would exercise under the circumstances of the case— then he cannot recover. If a man should see his wife about going to a place where he knows she must in all human probability receive injury, and does not warn her of her danger, he could not, of course, recover for any damages that might result from such an act on her part. He would be guilty of negligence; his conduct would not be the care of an ordinary prudent man.

5. That it appearing by the plaintiff's own testimony in the case that he knew that the walk was bad and dangerous by reason of loose plank, it was his duty to have warned or notified his wife of the danger, and having failed to do so, he cannot recover.

Answer. We decline to charge as requested in that point. To do so would be to take the whole matter from you. We think it is a question of fact for you.

7. That under all the testimony in the case the plaintiff cannot recover. Refused.

Verdict for the plaintiff in the sum of $2,575, and judgment thereon. Whereupon defendant took this writ, assigning for error the answers to the points as given above.

*J. V. Darling* (with whom was *John Lynch, E. P. Darling,* and *W. H. Hines*), for plaintiff in error.—The condition of the street was notorious, and Mrs. Warne could have avoided the danger by making a detour into the street, failing to do so, she was guilty of contributory negligence: City of Erie *v.* Magill, 5 Out., 616 Carroll *v.* Penna. R. R. Co., 12 W. N. C., 348; City of Scranton *v.* Hill, 13 Id., 456; Wharton on Negligence, § 400. The husband, who brings this action, was perfectly aware of the condition of the street, and should have warned his wife to keep out of the way. The liability of municipal corporations for negligence of its officers is purely statutory, and is to be strictly construed. There is no liability under these statutes for such indirect damages: Harwood *v.* Lowell, 4 Cush., 310; Reed *v.* Belfast, 2 Appleton, 246; Chidsey *v.* Canton, 17 Conn., 475.

*John A. Opp* (with whom was *Wm. S. McLean*), for defendant in error.—There was no want of care or prudence in the conduct of Mrs. Warne, and the question was properly submitted to the jury: Norristown *v.* Moyer, 17 P. F. S., 355; Humphreys *v.* County of Armstrong, 6 Id., 204. Whether the fact that the husband did not warn her of the dangerous character of the street, was negligence on his part, was a question for the jury, and was properly left to the jury: Street *v.* Holyoke, 105 Mass., 82; Humphreys *v.* County of Armstrong, 6 P. F. S., 204; West Chester & Phila. R. R. Co. *v.* McElwee, 17 Id., 311. It was the duty of the borough to keep the sidewalks in repair, and neglecting to do so it is liable for injuries caused by such neglect: McLaughlin *v.* City of Corry, 27 P. F. S., 109; Erie City *v.* Schwingle, 10 Harris, 384; Scott Twp. *v.* Montgomery, 9 W. N. C., 389.

Mr. Justice TRUNKEY delivered the opinion of the court, October 6, 1884.

Before the injury to the plaintiff's wife, the street commissioner had knowledge of the dangerous condition of the sidewalk in ample time to have made the needed repair. Twice he notified the owner of the contiguous lot to repair the walk, but the repairing was not done until after the accident. The defect in the walk was known to many persons—among them the plaintiff—was plainly visible to persons travelling in and on the opposite side of the street, and could be seen by persons passing upon the walk, but the walk continued to be used by the public as before its decay.

The testimony of the plaintiff's wife shows that she first learned of the unsafety of the walk when she was injured. Nor was she the only one who frequently walked thereon

while it was unsafe without noticing the defect. The defendant called several witnesses who had opportunity to observe, and testified that, so far as they had seen, the walk was in good repair immediately before the accident. Although the defect might have been seen by all persons who used the walk, it was not, and the injured person testifies that she did not. Then, as respects the question of her contributory negligence, it clearly was for the jury. The facts are unlike those in City of Erie *v.* Magill, 15 Out., 616. There the injured person admitted in her testimony that she knew of the dangerous character of the obstruction before she attempted to walk over it, and none had walked over it without observing the danger.

The answer to the defendant's third point is the subject of the first assignment of error. It is not contended that the point should have been affirmed. As part of the basis for instruction that the plaintiff could not recover, it is put that "if the jury believe there was a latent defect in the walk," although the evidence would not justify such belief. In argument the defendant says: "In the first place, the character of the obstruction or defect was an obvious one. It was not a latent defect—one which could not be seen without examination." Another part of the basis was the plaintiff's knowledge of the defect and failure to notify the borough authorities. If the authorities had knowledge of the defect, or from lapse of time they ought to have had such knowledge by the exercise of reasonable diligence, it was immaterial whether the plaintiff gave them notice. Instead of a simple refusal of the point, the court gave unexceptionable instructions on the matters referred to therein, so far as concerns the defendant. He submitted to the jury to find whether the defect was latent, but that was not prejudicial to the defendant even if it was admittedly patent.

Nor was there error in refusing the defendant's fifth point, the subject of the second assignment. It is a settled rule that what is and what is not negligence in a particular case, is a question for the jury when the measure of duty is ordinary and reasonable care. As an abstract proposition, the court ought not to charge that when a husband knew of a defective sidewalk, and failed to warn his wife of the danger, he was negligent. It could only be determined from the circumstances whether he had omitted ordinary and reasonable care. The court instructed the jury that "if a man should see his wife about going to a place where he knows she must in all human probability receive injury, and does not warn her of her danger, he could not, of course, recover for any damages that might result from such an act on her part; he would be

[Davis v. Clark.]

guilty of negligence." This was an illustration to aid the jury, and their attention was fairly directed to the circumstances in evidence, from which they should determine if the plaintiff had exercised ordinary care.

The remaining assignment is that the court refused to charge, " That under all the testimony in the case the plaintiff cannot recover." This is pressed on the ground that if the defendant is liable to the wife for the injury suffered, it is not liable to the husband in damages for the loss of his wife's services and his expenses because of her injury. Whatever the law may be in other states, in Pennsylvania, townships and boroughs are bound to keep the roads and streets in repair, and are liable for injuries resulting solely from negligence in performing that duty. The liability is the consequence of the neglect of a statutory duty, and the right of a person does not depend on the construction of a statute providing who may recover and for what, in case of injury from defect in the highway. Owing to the legal rights of the husband, the wife cannot recover for expenses and loss of time caused by the injury—these are direct damages suffered by the husband—and if he cannot recover, the borough will escape payment of the pecuniary loss. Had the accident happened to him under similar circumstances, the pecuniary loss would be included in his damages. We are not persuaded that in case of the wife's injury from the default of the municipality that there can be no recovery for the pecuniary loss because the right thereto is vested by law in the husband.

Judgment affirmed.