## Kelley *v.* Mayberry Township, Appellant.

*Negligence—Injuries to wife—Release by husband—Act, June 11, 1879.*

Where an action is brought in the name of a husband for the use of his wife for injuries suffered by his wife, and the husband files a stipulation under the act of June 11, 1879, P. L. 129, releasing to his wife his right to damages, the wife is entitled to recover not only what her husband might have recovered in a suit brought in his own right for the loss of her services, including all her services as wife to the household, as well as her earning power in employments outside of strictly domestic duties, but also such damages as she is entitled to recover for direct injury to herself.

The act of June 11, 1879, was not intended to change either the kind or quality of the evidence necessary to entitle the husband and wife respectively to recover in separate actions. After a stipulation is filed, the wife is entitled to recover not only for her own injuries, but also for whatever sum the husband was entitled to recover in an action brought by himself.

*Measure of damages to husband for injury of wife.*

In an action by a husband for an injury to a wife, the husband is entitled to recover the moneys he has expended or become liable to pay for the medical care and attendance upon his wife during her illness, and for the loss of her services while unable to attend to her domestic duties; and in such a case the term "services" implies whatever of aid, assistance, comfort and society the wife would be expected to render to or bestow upon her husband, under the circumstances and in the condition in which they may be placed, and it is immaterial that services in the ordinary sense were not rendered at all.

*Constitutional law—Statutes—Title of act.*

The act of June 11, 1879, P. L. 129, entitled "An Act relative to actions brought by husband and wife, or by the wife alone for her separate property, in case of desertion," providing for a recovery by the wife of the damages to which her husband is entitled for the loss of her services, where the husband by stipulation releases his right, does not violate § 3, art 3, of the constitution, relating to titles of acts.

*Township—Highways—Guard—Logway—Negligence.*

The duty of a township to guard a highway is not affected by the concurrent use of the way as a logway.

Argued March 2, 1893. Appeal, No. 320, Jan. T., 1893, by defendant, from judgment of C. P. Montour Co., May T., 1889, No. 71, on verdict for plaintiffs, James Kelley and Annie, his wife, to the use of said wife. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Trespass for personal injuries caused by defect in highway. The facts appear by the charge of the court.

The evidence was to the effect that plaintiff was thrown down an embankment some twenty feet from an unguarded highway where she lodged.  In attempting to rise to escape the danger of the horses falling on her she fell further into a mill dam.  A release of claim for damages by the husband was filed.

At the trial, when plaintiff, Annie Kelley, was on the stand, she was asked: Q. How is it now whether or not as to help? A. I am required to have help.   Q. Before the accident did you have to employ help?   A. I done my family work before the accident.   Q. With help?   A. Without.   Mr. Hinckley: I object to that, in reference to her employing help.   That cannot be an element of damage in this case.   By the Court: The fact that she is unable to do her own work covers it.   Mr. Scarlet: Q. What is your ability as to doing your own work about the house since the accident.  Can you do it or not?   A. I can do it.   I can work one day in a week, but the next day I am not able to work around; I can walk around with the help of a crutch or cane; but I am in constant pain while I am doing it.   Of course I have done it.   Q. Did you expend any moneys of your own about your cure?   Mr. Hinckley: That I object to, it cannot be any element in this case.   (Cites a case.)   By the Court: No doubt that was the law then; but is there anything decisive on the point since the act of 1887? (Mr. Scarlet cites the act of 1879.)   Evidence admitted.   Exception. [1]

The court charged in part as follows:

" This is an action brought by Annie Kelley, the wife of James Kelley, in her own right and for her own use, to recover against the township of Mayberry for injuries to her person received, as she alleges, through the carelessness of the supervisors of that township, for which the township would be liable if that carelessness is made out under the law as we shall lay it down to you.

" [Previously to the year 1879, she would not be entitled to recover for the loss of her services, because before that time the law was that her services belonged to her husband ; but, under that act of assembly of 1879 and at the present time, she will be allowed to recover, if she makes out her case under the law, for services as well as for her injuries, actual loss and expenses.] [2]

" There are some important facts in this case not disputed: The fact that this accident happened on a very dark, rainy night is not disputed; the place where it happened is not materially in dispute; the fact that plaintiff was traveling with others in a double sled—a two horse team—is not disputed; the injury received by the plaintiff is not disputed; [and the amount of her actual expense, incurred and paid out, is not disputed.] [5] It is proved by the plaintiff, and not denied by the defendant, that the plaintiff, as one of a number of ladies, employed David Giffin, the owner and the driver of the team on the day of the accident, to convey the ladies for hire from Catawissa to Shamokin and return.

" [It is alleged by the plaintiff that in the course of that trip this accident occurred, through the carelessness and negligence of the municipal officers of the township of Mayberry. (1) That the township allowed its road, at the point where the accident happened, to be out of repair. (2) That the road was improperly constructed and was suffered to remain in a condition that rendered it unsafe for the traveling public.] [8] (3) That the injury occurred to her without any fault or negligence on her part. . . .

" If you arrive at the conclusion that the plaintiff is entitled under the evidence to a verdict; then she is entitled to recover for the direct expenses incurred by reason of the accident, the inconvenience she was subjected to, the pain she has suffered and is likely hereafter to suffer in consequence of the injury received, the pecuniary loss sustained and likely to be sustained during her life, and her actual permanent loss of earning power." [3]

Plaintiff's point was among others as follows:

" 3. That, if in view of all the evidence the jury find for the plaintiff, the jury must allow, in estimating the damages, the expenses arising in consequence of the injuries to the plaintiff, and for the privation and inconvenience she is subjected to, and for the pain and suffering she has already endured bodily and mentally, and which she is likely to experience during the remainder of her life from her disabled condition." Affirmed. [4]

Defendant's points were inter alia as follows:

" 2. In order to recover in this case the plaintiff must show that by the negligence of the defendant the plaintiff was precipitated from the road in question down a precipitous declivity

into the milldam, by reason of which she received the injuries complained of. *Answer:* The plaintiff is not bound to show that she was thrown into the milldam, but to show that she was thrown down the declivity or down the embankment, from which she sustained injury; that she is bound to show, and we affirm this point." [6]

"4. If the jury believe from the evidence that the conduct of the plaintiff's driver was such from the time of leaving Shamokin until he reached the place of the accident as to give notice to all in the sled that he was incompetent either through excessive use of liquor or otherwise, and that the accident happened through the contributory negligence of said driver, the plaintiff cannot recover in this action, although defendant might be found guilty of negligence. *Answer:* That point we affirm, and in reference to intoxication we charge you as follows: The defendant also claims that on the night of the accident the driver, Giffin, was intoxicated to such an extent as to affect his skill and judgment as a driver. The law on this subject, as we understand it, is this: That, although you may believe from the evidence that he, on the night of and previously to the injury complained of, had been drinking intoxicating drinks; yet, if you further believe from the evidence that the same had not so affected his mind and power of locomotion as to prevent him from exercising ordinary skill and care in driving his team and in passing over the road in question, and that he exercised such care and skill that the injury would not have been received, if the defendant township had put such railing or other protection as was necessary at the place of the accident for the reasonable safety of teams and vehicles of the kind used on the occasion for passing over that road; then you may still find the issue in favor of the plaintiff, notwithstanding his drinking, if you find that his case is proved by the evidence in all other respects." [7]

"5. If the jury believe from all of the evidence that, for a period of thirty years or more immediately prior to the accident, the logway adjacent to the public highway in question at the place of the accident and north and south of it had been used by the public in connection with said highway as a way to drive to the sawmill, and that the erection of a barrier along the west side of the said highway would interfere with and

prevent the continued use of said logway ; the defendant town-
ship cannot be found to be negligent in not erecting said bar-
rier.  *Answer :* That point is refused and we instruct you as
follows : The defendant claims that the owner of the mill
property had a private right in the logway and that the right
of the public in the logway was under all the evidence coequal
and coextensive with the public right in the highway, and that
therefore the supervisors had no power to erect a guard rail or
other barrier at the place of the accident, because such struct-
ure would interfere with the public use of the logway.  We
feel bound to instruct you that whatever rights the mill owner
or the public, or either of them, may have had, or may have,
in the joint or several use of the logway, under the evidence
in this case, are subordinate to and yield to the superior right
of the public to the ordinary use of that road, to a safe and se-
cure passage to and fro and over and upon this highway at the
place of the accident, and that if the road at that point required
a barrier or a guard rail of some sort in order to make the pas-
sage ordinarily safe and secure, then the supervisors of the
township had a clear right to put one there, and the persons
who used the highway would be obliged to submit." [9]

6. Request for binding instructions.  Refused. [10]

Verdict and judgment for plaintiff for $2,250.  Defendant
appealed.


· *Errors assigned* were (1) ruling on evidence, quoting the
bill of exceptions ; (2–10) instructions, quoting them.


*H. M. Hinckley, E. S. Gearhart* with him, for appellant.
Evidence of the value of the wife's services must be given ; no
presumption arises that the wife is capable of and does earn
anything : Henry v. Klopfer, 147 Pa. 184 ; Raybold v. Ray-
bold, 20 Pa. 311 ; R. R. Co. v. Jones, 128 Pa. 308 ; Endlich
& Richards, Married Women, § 278.

The act of 1879 says evidence may be given to show the
expense arising in consequence of such injuries, and recovery
may be had therefor.  It is unfair to defendant, when no evi-
dence has been given to fix the amount of expense either in-
curred or paid out, and when plaintiff says she is unable to fix
it or even approximate the amount, for the court to say we do
not dispute the amount.

The title of the act of 1879 is insufficient: Rogers v. Imp. Co., 109 Pa. 111; Phœnixville Road, 109 Pa. 49; Com. v. Frantz, 135 Pa. 392; Dorsey's Ap., 72 Pa. 194.

Defendant was not negligent: Vallo v. U. S. Express Co., 147 Pa. 407; Bishop v. Schuylkill Twp., 20 W. N. 105; Plymouth Township v. Graver, 125 Pa. 33.

*James Scarlet,* *W. H. Rhawn* and *Grant Herring* with him, for appellee.—By filing the stipulation required by the act of June 11, 1879, the wife recovers precisely what the husband would have recovered in an action brought by himself for the loss of such services, together with such damages as she is entitled to recover for the direct injury to herself: King v. Thompson, 87 Pa. 365; Nanticoke Boro. v. Warne, 106 Pa. 373; Susquehanna Depot v. Simmons, 112 Pa. 384; Henry v. Klopfer, 147 Pa. 178; Cooley on Torts, p. 226; Jones v. Ry., 128 Pa. 308; Furnish v. Ry., 102 Mo. 669; Hawkins v. Ry., 28 Am. St. R. 72; Scott Township v. Montgomery, 95 Pa. 444.

The act of 1879 is constitutional: Dewhurst v. Allegheny, 95 Pa. 437; Union Pas. R. Co.'s Ap., 81* Pa. 91; P. R. R. v. Riblet, 66 Pa. 169; Sutherland on Construction of Statutes, p. 90; Endlich on Inter. of Stat. § 303. Its constitutionality was not questioned in Boro. v. Baker, 120 Pa. 266; Baker v. Boro., 151 Pa. 234.

At common law the whole right in the suit vested in the wife at death of husband: Clark v. Kemp, Maryland Ct. of Ap., 21 Cent. L. J. 291.

Defendant was negligent: Vallo v. Express Co., 147 Pa. 407; R. R. v. Taylor, 104 Pa. 306; Graff v. Graybill, 1 Watts, 428; Bank v. Karmany, 98 Pa. 65; Township v. Comrey, 100 Pa. 362; Beach on Contributory Negligence, 2d ed. § 389; Alger v. Lowell, 3 Allen, 406; Wynn v. Allard, 5 W. & S. 524; Dean v. P. R. R., 129 Pa. 514; McKee v. Bidwell, 74 Pa. 218; West Mahanoy Twp. v. Watson, 112 Pa. 574; Herr v. Lebanon, 30 W. N. 248 [149 Pa. 222]; Lewis on Eminent Domain, § 580; Angell on Highways, ch. 7; Kopf v. Utter, 101 Pa. 31.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 1, 1893:

Some of the specifications of error relate to the proper measure of damages, in cases such as this, and may be considered

together. Defendant's contention is that when the stipulation provided for in the act of June 11, 1879, P. L. 129, is filed, the value of the wife's services must be shown in dollars and cents; and inasmuch as no such evidence was introduced in this case, the personal services of the beneficial plaintiff, as an element of damages, should have been excluded.

We cannot assent to that as a correct proposition. On the contrary, we think that, upon said stipulation being filed, the beneficial plaintiff became entitled to recover, in this action, not only what her husband might have recovered in a suit brought, in his own right, for the loss of such services, including all her services as wife to the household, as well as her earning power in employments outside of strictly domestic duties, together with such damages as she was entitled to recover for direct injury to herself.

Aside from the act of 1879, and in the absence of the stipulation therein provided for, the husband would sue alone for his damages, and the wife for hers. The act in effect provides for vesting in the wife alone separate rights of action, which otherwise would belong to and be enforced by each respectively, thus enabling her in one suit to recover, for her own use and benefit, all the damages which might otherwise be recovered in the separate actions of each respectively. While the husband's stipulation, filed according to the provisions of the act, effectually bars him from further recovery, it was never intended to operate as a release to the wrongdoer of any part of the damages which he, aside from the provisions of the act, would be entitled to recover. In other words, the elements of damages, intended to be the basis of recovery, under the act, for the benefit of the wife, are those that would otherwise warrant a recovery by the husband, on his own account, together with those for which recovery might be had in right of the wife. Nor was the act intended to change either the kind or quality of the evidence necessary to entitle the husband and the wife, respectively, to recover in separate actions. They remain unchanged, and include such facts and circumstances as tend to show the direct and incidental loss to the husband, and the direct personal injury, etc., to the wife. These have been repeatedly recognized and distinguished in numerous adjudicated cases, among which are, King v. Thompson, 87 Pa. 365; Borough of Nanticoke v.

Warne, 106 Pa. 373 ; Susquehanna Depot v. Simmons, 112 Pa. 384 ; Henry & Wife v. Klopfer, 147 Pa. 178.   In the case last cited, it is said : " The husband is entitled to recover the moneys he has expended or become liable to pay for the medical care and attendance upon his wife during her illness, and for the loss of her services while unable to attend to her domestic duties."   In Cooley on Torts, 226, the general doctrine on the subject is stated thus : " For an injury to the wife, either intentionally or negligently caused, which deprives her of the ability to perform services, or lessens that ability, the husband may maintain an action for the loss of service, and also for an incidental loss or damage, such as moneys expended in care and, medical treatment and the like."   Speaking of the origin, etc., of the term " services," the same learned author says the word as now understood in connection with claims by husbands for damages, etc., " implies whatever of aid, assistance, comfort and society the wife would be expected to render to, or bestow upon her husband, under the circumstances and in the condition in which they may be placed, whatever those may be. That services in the ordinary sense were not rendered at all, would be immaterial and irrelevant, except as the fact might, under some circumstances, tend to show a want of conjugal regard and affection and thereby mitigate the damages."

In Jones v. Railway Co., 128 Pa. 308, the testimony was to the effect that plaintiff's wife, who had been fatally injured by defendant company, was about sixty years of age and had always been a healthy woman.   The court refused to charge, as requested, that the evidence failed to show any pecuniary loss to plaintiff by reason of his wife's death, and hence there was nothing to warrant the jury in finding damages in his favor. In sustaining the action of the court we said : " Presuming that, in the absence of any rebutting evidence, the jury might and doubtlessly would infer that she was an ordinarily industrious and useful wife, capable of discharging the duties of her position properly, and that consequently her death was a pecuniary loss to him, plaintiff below did not undertake to prove that she possessed any specially or exceptionally good qualities, as with propriety he might have done if the subject of his loss had been a horse or other animal.   Nor was it necessary or proper that he should do so."

A similar rule is applicable in cases of injury resulting in loss of earning power or impaired ability, whether of a permanent or temporary character. The underlying principle is substan tially the same. In such cases jurors, endowed with at least a modicum of common sense, may be supposed to have some knowledge of the ordinary affairs of life.

Furnish v. Railway Co., 102 Missouri, 669, 22 Am. St. R. 800, is to the same effect. For answer to the objection that no evidence was offered of the value of the wife's society, etc., the court in that case said, "the nature of the subject does not admit of direct proof of value, and when the fact of loss of society is established by testimony, the assessment of reasonable compensation therefor must necessarily be committed to the sound discretion and judgment of the triers of fact."

It is, moreover, contended that the act of 1879 offends against sec. 3, art. III, of the constitution. We do not think so. It is entitled, "An Act relative to actions brought by husband and wife, or by the wife alone, for her separate property, in cases of desertion." It consists of two sections, the first of which provides that in all actions brought in the name of the husband and wife, for the use of the wife, to recover damages for injuries done to her, evidence may be given to show the value of her services and the expenses incurred in consequence of such injuries; and recovery may be had therefor to the use of the wife, provided her husband, at time of bringing such action, files the required stipulation. As we have already seen, the purpose of this was to include, in the action thus brought, all those elements of damages that would constitute the basis of recovery in an action brought by the husband alone. Prior to the act, recovery in right of the wife was restricted to damages personal to herself. The right of action for her services, expenses, etc., was exclusively in the husband.

The first clause of the title indicates with sufficient clearness that one branch of the general subject on which it was proposed to legislate was in relation "to actions by husband and wife," the details of which legislation constitute the first section. The other branch of the subject is sufficiently indicated by the latter clause of the title, which relates to actions brought "by the wife alone for her separate property in cases of desertion;" and the legislation on that constitutes the second section

of the act.   Instead of containing more than one subject, the provisions of both sections are cognate, each, respectively, relating not to a separate and independent subject of legislation, but to branches of the same general subject, namely, remedial legislation in the interest and for the benefit of married women.

We are not convinced that there is any error in the learned judge's answer to either of defendant's points recited in the sixth, seventh, ninth and tenth specifications respectively, nor to those portions of his charge complained of in the fifth and eighth specifications.

The right of the plaintiff to recover depended mainly on questions of fact, arising upon the evidence.   Those questions were fairly submitted to the jury under instructions that appear to be free from error.

Judgment affirmed.