Thomas Dutton and Phenettie Alice Dutton, his Wife, *v.* the Borough of Lansdowne, Appellant, and George W. Statzell.

*Negligence—Defective sidewalk—Joint liability of owner and municipality.*
   An abutting landowner and the municipality are both bound to maintain the sidewalk in a safe condition and they are jointly and severally liable to third parties for neglect of this duty.

*Negligence — Contributory negligence—Boroughs—Defective sidewalk — Evidence—Question for jury.*   .
   In an action of trespass to recover damages for personal injuries suffered from falling upon a sidewalk alleged to be defective, the case is for the jury where the evidence, though conflicting, tends to show that at the point where the accident occurred there were rotten planks, that the sidewalk had been in a defective condition for several months, and that the borough had direct notice of this condition.

Argued Nov. 23, 1898.   Appeal, No. 95, Oct. T., 1898, by Lansdowne borough, from judgment of C. P. Delaware Co., Dec. T., 1897, No. 230, on verdict for plaintiff.   Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.   Opinion by SMITH, J.

Trespass.   Before CLAYTON, P. J.
   It appears from the record that this was an action of trespass brought against the borough of Lansdowne and George W. Statzell, a property owner, for damages for personal injuries to Phenettie Alice Dutton alleged to have been caused by neglect in the maintenance of the board walk along the highway of said borough in front of said Statzell's property.   It appears from the evidence that the highway commissioner of the borough had reported in writing to the chairman of the highway committee that the board walk, at the point where the accident occurred, was in bad condition and should be attended to at once.   There was also evidence tending to show that an effort had been made by the borough with a view of repairing the same and that the injury resulted from a rotten plank.
   The defendant George W. Statzell submitted the following point:

[2. Upon the evidence in this case, the verdict must be for the defendant, Statzell, so far as he is concerned. *Answer :* I decline to give binding instructions, although I am almost in. clined to do it.] [9]

The borough of Lansdowne submitted the following points:

[2. If a sidewalk appears to be reasonably safe to passersby although it may actually be unsound and such unsoundness causes an injury no recovery can be had against a borough for such injury. A borough is not bound to seek for defects on sidewalks, and is only liable for such as it has express notice of and such as are notorious to passersby in general. If, therefore, a board walk is apparently sound on top, but decayed beneath and an injury occurs from the breaking of a board from decay, no recovery can be had against the borough therefor. *Answer :* I affirm that point unless you find that from a previous repairing the borough knew of this rotten condition, and it is my duty to say to you that if the person that it employed to repair it knew it then the borough knew it. They selected him to do the work and his knowledge was theirs.] [2]

[3. In the present case the board walk was apparently safe or apparently unsafe. If it was the former the borough is not liable because the defect was not generally noticeable. If it was the latter the plaintiff was guilty of contributory negligence and cannot recover. *Answer :* I decline to so charge you because this is a logical argument and not based upon any settled principle of law. It is a mere question of logical argument, which we do not permit to be offered in points. It is what a lawyer would say to a jury rather than a court.] [3]

[5. Inasmuch as it is the duty of property owners to keep the sidewalks in repair, even if the board walk were in the highway no recovery could be had against the borough where the property owner and the borough are joined in one action, because as between these two the liability of the borough is only secondary. Your verdict so far as the borough is concerned must be in its favor. *Answer :* I decline to so charge you.] [5]

[6. The plaintiffs have not given any evidence of any injury caused by the joint action or negligence of the defendants. The failure to keep the sidewalk in repair was not a joint neglect and no recovery can be had in this action therefor. Your verdict must be for the defendants. *Answer :* I decline to so charge you.] [6]

The court below charged the jury in part as follows:

[You have two defendants here,—one is the owner of the land fronting on the street, the soil belonging to him, but the public having the right to walk over it, and the borough requires him to keep that sidewalk, over which the people of the borough travel, in good repair at his own expense. While it seems to be unreasonable it is lawful, the law permits the borough to cast that part of the burden upon the owner of the land facing upon a street. But, in order to fix liability upon him, it is necessary that he should have neglected some duty. I charge you that it was his duty to have an ordinary oversight; not an extraordinary, but a usual one, to see that the board walk was in a safe condition.

. He was not bound to inspect it every day, he was not bound to give it any more than the ordinary inspection that any gentleman would give to his own property, as a board walk on his own place leading from his house to his barn or any other improvement around such place; that is the kind of duty that is cast upon him.] [10] . . . .

[Well, gentlemen, until the case reached the present stage and evidence was given that written notice had been given to the borough there was not sufficient evidence to charge the borough, and I should have taken the case from you at that time. But when that notice was produced, a notice in writing, in fact there were two notices, by which it appeared that the borough by the proper officer, was advised about the very bad condition of this walk, I say to you it was their duty to repair it. And if, while making the repairs, they discovered latent and hidden defects, that it was composed of rotten timber, or if there was anything to call their attention to them, it was their duty to have repaired it, to have taken out that rotten timber and put good timber in its place unless they could make a safe job without it. But you will remember that the testimony showed that they were about to remove the whole walk and put down the asphaltum, the evidence is that they were considering that at the time, and whatever excuse that is for the borough not putting down a new sidewalk you may allow for. If they repaired it so that it would be reasonably safe they were not bound to put down a new one, especially as it had only been down there for about five years, and it was contemplated at

the time to put down a permanent and good footway. But I charge you that the borough, having had notice that the board walk was in a bad condition, it was its duty to do more than make a casual inspection of it; it was the duty of the officers of the borough to do more than merely walk over it; it was its duty to ascertain where the bad and dangerous places were, and to repair them. Now, according to the evidence they did repair the board walk, and you have heard how they repaired it, and, according to the evidence, they gave no notice to the landholder but undertook to repair the walk themselves. I charge you, therefore, that if they did not properly repair it, that is to say, if they did not put it in a reasonably good condition, they are liable for all accidents caused by defects which in repairing they ought to have seen.] [11] . . . .

[If you think the evidence is not sufficient to warrant you in finding a verdict against the landholder, and I can only say upon that point that if I was a juror I would not think there is, as a thirteenth juror I would say that it is not sufficient, but that is a question for you. If you differ from me in regard to that, you have the right to find that it is, and if you find that it is, why you may find against both defendants; you cannot split up the verdict.] [12]

Verdict for $487 for the husband and $200 for the wife, upon which judgment was entered, against the borough of Lansdowne; verdict of not guilty as to George W. Statzell. The borough of Lansdowne appealed.

*Errors assigned* among others were (2, 3, 5, 6, 9) answers to defendants' points, reciting same. (10–12) To portions of the judge's charge, reciting same.

*Lewis Lawrence Smith*, for appellant.—The relation of the property owner to the borough is clearly set forth in Brookville Borough v. Arthurs, 130 Pa. 501, 515.

Now, a joint judgment against the borough and property owner would not be good, and the lower court was in error in charging that the jury might find against both defendants. "If there has been no concert, no common intent, there is no joint liability." This is settled in Klauder v. McGrath, 35 Pa. 128, Bard v. Yohn, 26 Pa. 482, Laverty v. Vanarsdale, 65 Pa. 507,

Collins v. Cronin, 117 Pa. 35, and Gallagher v. Kemmerer, 144 Pa. 509.

For a defect arising in them without its fault or neglect it is not liable unless it has express notice, or the defect be so notorious as to be evident to all passers : Burns v. Bradford City, 137 Pa. 361; Vanderslice v. City, 103 Pa. 102; Lohr v. Phillipsburg Borough, 156 Pa. 246.

*V. Gilpin Robinson,* for appellee.—If there is no concert of action, no common intent, there is no joint liability. But a different principle applies where the injury is the result of a neglect to perform a common duty resting on two or more persons, although there may be no concert of action between them : Klauder v. McGrath, 35 Pa. 128; Colegrove v. N. Y., B. H. & N. H. R. R. Co., 20 N. Y. 492; 6 Duer, 382. In Bryant v. Bigelow Carpet Co., 131 Mass. 491, it was held, where the negligent acts of two defendants combined to produce the injury to plaintiff, a joint action could be maintained against both negligent parties.

In the case at bar the borough had actual notice. The policeman and highway commissioner had observed the structural defects and had made an official report to the chairman of the highway committee. Thus having notice its legal obligation was clearly established : Rapho Twp. v. Moore, 68 Pa. 404; Nanticoke v. Warne, 106 Pa. 373; Rosevere v. Osceola Mills Borough, 169 Pa. 555; Crumlich v. Harrisburg, 162 Pa. 624; Fee v. Columbus Borough, 168 Pa. 382; Wyman v. Phila., 175 Pa. 117; Miller v. Bradford, 186 Pa. 164.

OPINION BY SMITH, J., April 17, 1899 :

The leading objection of the appellant is to the joinder of the abutting landowner and the borough as defendants in the action. It is very ably argued that they are not joint wrongdoers ; that in law their relation to the duty arising in the premises is dissimilar and unequal—that of the landowner being primary and absolute, while that of the borough is secondary and supplemental. It is contended, therefore, that the breach of duty is materially different, that of the landowner being a failure to maintain the sidewalk in safe condition, while that of the borough is the failure to compel the owner to do this. Con-

sidered in their relation to each other, this distinction is well taken, and in an action by one against the other would be of controlling importance. But so far as third persons are concerned, it is not to be doubted that either is primarily liable for neglecting to keep the public sidewalk in good condition. This duty is imposed by law on the landowner and the municipality alike, and it has often been held that either may be sued in the first instance, for failure to perform it, without reference to the primary and secondary liability existing between them. When neither performs this duty, there is concurrent negligence, for which they are equally liable to third persons. Their relative rights and duties concern only themselves and can be enforced only in an action by one against the other. While equally liable to third persons for the same cause, they may not be equally liable one to the other. Liability grows out of neglect of duty, and duty may be subordinate to power. The power of the municipality over the public streets and walks is paramount to that of the abutting property owner. In any conflict between them the latter must yield, and liability may vary accordingly. But this relative power and relative liability concern only the municipality and the property owner, and neither is material in an action for neglect of the common duty to the public. Neglect of this duty is the ground of liability on the part of both the municipality and the landowner, and no good reason appears why they may not be joined in an action for this tort. Such joinder does not affect their relative rights, which may be enforced without reference to their common duty and liability to others.

While the precise question here raised does not seem to have been discussed by our Supreme Court, our conclusion is in harmony with the principle of decision in many of the cases. Here the maintenance of the walk in safe condition was a common duty, and a failure to perform it was a common default. The cause of action is single and based on the negligence of both municipality and landowner. Both participated in the non-feasance and they are equally and jointly liable for the consequences: Klauder v. McGrath, 35 Pa. 128. The essential feature of the latter case, and upon which it turned, was the neglect of both parties to maintain a party wall. In the case

before us, the essential feature is the neglect to maintain a sidewalk. In both the controlling principle is necessarily the same.

Further analogy is found in the case of Durkin v. Coal Co., 171 Pa. 193. In that case the corporation, a mine foreman, and an assistant superintendent, were joined as defendants, and charged with dissimilar acts of negligence. The plaintiff sued for damages for his son's death, caused by the falling in of the mine, and a recovery was had in the court below against the corporation and the mine foreman. It was argued in the appellate court that there was a misjoinder for the reason that parties liable only at common law shall not be joined with parties liable under a statute. But this was ignored by the Supreme Court and judgment was reversed as to one defendant and affirmed as to the other. A similar result was reached by the jury in the present case. The view here adopted is entirely consistent with the doctrine of many cases: Schuylkill Co. v. Richards, 57 Pa. 143; Leidig v. Bucher, 74 Pa. 65; Laverty v. Vanardsdale, 65 Pa. 507; Huddleston v. Borough, 111 Pa. 110; Brookville v. Arthurs, 130 Pa. 501; Gates v. Railroad Co., 150 Pa. 50; and seems to have been affirmatively announced in Borough of Carlisle v. Brisbane, 113 Pa. 544, and Koelsch v. Railroad Co., 152 Pa. 355. The court refused to give binding instruction in favor of the landowner, but left it to the jury to pass upon his liability under the established rules of evidence. We cannot hold that the jury should, as a matter of fact, have found a verdict against him and relieve the borough. That was for the jury under the evidence. The fifth, sixth, twelfth and seventeenth specifications are overruled.

The second, third, seventh, eighth, eleventh and thirteenth specifications deal with the questions of negligence and of notice to the borough. The testimony on these points was abundant to call for their submission to the jury. Notice of defects in the sidewalk at and about the place where the plaintiff was injured was both direct and inferential. Testimony was introduced showing that written notices of this were given to the highway commissioners, whose duty it was to report the condition of the streets to the chairman of the highway committee, and that in pursuance of this he made a written report to the highway committee of the bad condition of the walk, about two months before the plaintiff's injury. The testimony also shows

that the borough acted on these notices and undertook to repair the walk but as it was intended soon to replace the pavement with asphaltum the work of repair was of a temporary nature.   The abutting lot owner was not called upon to make the repairs, but the borough, without notifying him, undertook the performance of this duty.   Having thus taken charge of the work the borough was in duty bound to make such examinations and repairs as the safety of the public required, and whether it did so or not was for the jury to decide.   In view of the evidence, and of the admitted fact that the borough engaged in repairing this walk, it would seem idle to argue that the borough had no notice of the defects or other knowledge of their existence.   The principles governing this branch of the case are stated and applied in Township v. Moore, 68 Pa. 404, Nanticoke v. Warne, 106 Pa. 373, and Fee v. Borough, 168 Pa. 382.   The specifications relating to the relative liability of the borough and the lot owner have been sufficiently noticed.   The subject is not directly involved in this issue and must be left for future determination if it is raised by an issue between the proper parties.   The remaining matters presented for our consideration are without merit.   Looking at them in the light of the whole evidence, it does not appear that they did the appellant any harm, and, therefore, they are not ground for reversal.

The assignment of errors is overruled and the judgment is affirmed.