## Reagan, Appellant, v. Harlan.

*Husband and wife—Damages for injury to wife—Negligence.*

Where a husband has been deprived by the negligent act of another, of the aid, society, comfort and assistance of his wife, he is entitled to compensation without proving the value of such aid, society, comfort and assistance, in dollars and cents.

In an action by a husband to recover damages for the negligent injury of his wife it is error for the court to charge as follows: " In this particular case the matter of the loss of earning power or the loss of wages or the interference with her domestic duties is not a matter that you can consider even in connection with the husband's claim, because there is no evidence here of the value of her services. There is nothing here by which you could measure their value. You have not heard what she could earn. You have not been informed of what the husband has been obliged to pay some one, if he has paid anything, to take her place in the performance of domestic duties which she generally performed about his house. Juries must try cases according to evidence. They are not allowed to run into conjecture or to indulge in guesswork."

Argued Oct. 16, 1903. Appeal, No. 145, Oct. T., 1903, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1902, No. 3351, on verdict for plaintiff, in case of James Reagan v. Charles Harlan et al. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass for injuries to plaintiff's wife. Before AUDENREID, J. The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff, James Reagan, $91.00. James Reagan appealed.

*Errors assigned* were (1–3) portion of charge quoted in opinion of Superior Court.

*Leoni Melick*, of *Potter & Dechert*, for appellant.—The term services of a wife in a suit by a husband is not to be limited to such services as are rendered by a domestic servant, but include whatever of "aid, assistance, comfort and society she would be expected to render to the husband and of which he was deprived by the injury to her; and it was not necessary or proper for the appellant at the trial to attempt to show his loss in dollars and cents: Kelley v. Mayberry Twp., 154 Pa. 440; Delaware, etc., R. R. Co. v. Jones, 128 Pa. 308; Platz v. McKean Twp., 178 Pa. 601.

*Frank R. Shattuck*, for appellees, quoted Rhodes's App., 156 Pa. 337; Nuding v. Urich, 169 Pa. 289; D. L. & W. R. R. Co. v. Jones, 128 Pa. 308.

OPINION BY MORRISON, J., December 19, 1903:

This suit was brought by James Reagan and Susan L. Reagan, his wife, to recover the damages which each claimed to have sustained resulting from personal injuries to Susan L. Reagan, which were alleged to have been caused by the negligence of the defendant's servants. At the trial the jury rendered a verdict in favor of Susan L. Reagan in the sum of $409, and a verdict for James Reagan in the sum of $91.00. Judgments having been entered on these verdicts James Reagan alone appealed. His claim is that the jury was misdirected as to the damages he could recover on the evidence produced by him. The appellant concisely states the question involved to be, "In a suit by husband to recover for damages for loss of the services of his wife when she has been injured by the negligence of the defendants, must the husband show the value of the services lost in dollars and cents?" The assignments of error are as follows: 1. "In this particular case the matter of the loss of earning power or the loss of wages or the interference with her domestic duties is not a matter that you can consider in connection with the husband's claim, because there is no evidence here of the value of her services. There is nothing here by which you could measure their value. You have not heard

what she could earn. You have not been informed of what the husband has been obliged to pay some one if he has paid anything, to take her place in the performance of domestic duties which she generally performed about his house. Juries must try cases according to evidence. They are not allowed to run into conjecture or to indulge in guesswork." 2. "The learned trial judge erred in charging the jury as follows: So far as the husband has shown any loss here he has not gone beyond the element of the expenditure for the medical treatment of his wife." 3. "The learned judge erred in charging the jury as follows: As I have said the husband has failed to show the value of the wife's wages. He has given you nothing by which their value may be gauged or estimated, and I cannot permit you to guess at that value. So far as the husband is concerned, you may consider only the matter of the doctor's bill." It will thus be seen that the learned judge withdrew from the jury the right to allow the husband anything for the loss of the aid, assistance, comfort and society of his wife, which she would be reasonably expected to render to him if she had not been injured. The husband having proved that she was his wife, and that they resided together as husband and wife, and that she was injured as alleged by the negligence of the defendants, it was manifest error to charge the jury as indicated in the assignments above quoted. In Kelley v. Mayberry Township, 154 Pa. 440, Mr. Chief Justice STERRETT said (p. 445): "Some of the specifications of error relate to the proper measure of damages in cases such as this, and may be considered together. Defendant's contention is that when the stipulation provided for in the Act of June 11, 1879, P. L. 126, is filed, the value of the wife's services must be shown in dollars and cents; and inasmuch as no such evidence was introduced in this case, the personal services of the beneficial plaintiff, as an element of damages, should have been excluded.

We cannot assent to that as a correct proposition.

In Delaware, etc., R. R. Co. v. Edward Jones, 128 Pa. 308, it was said by Mr. Justice STERRETT, (p. 314), "Evidence was introduced by plaintiff below to prove that the deceased Mrs. Jones, was his wife; that she was sixty-six years of age, and had always been a healthy woman, etc. Presuming that in the absence of any rebutting evidence, the jury might and doubt-

less would infer that she was an ordinarily industrious and useful wife, capable of discharging properly the duties of her position, and that consequently her death was a pecuniary loss to him, plaintiff below did not undertake to prove that she possessed any specially or exceptionally good qualities as with propriety he might have done if the object of his loss had been a horse or other animal. Nor was it either necessary or proper that he should do so. The court was clearly right in refusing to charge as requested." The request for charge referred to by Justice STERRETT was that, " the evidence of plaintiff does not show that he suffered any pecuniary loss by the death of his wife, and therefore, there is nothing in the case to warrant the jury in finding that plaintiff suffered substantial damages or loss, and the verdict, if for the plaintiff, should be in a nominal sum.

In Kelly v. Mayberry Township, supra (page 448), Mr. Justice STERRETT said : " A similar rule is applicable in cases of injury resulting in loss of earning power or impaired ability, whether of a permanent or temporary character. The underlying principle is substantially the same. In such cases jurors, endowed with at least a modicum of common sense, may be supposed to have some knowledge of the ordinary affairs of life.

Furnish v. Missouri Pacific Railway Co., 102 Mo. 669 (15 S. W. Repr. 315), is to the same effect. For answer to the objection that no evidence was offered of the value of the wife's society, etc., the court in that case said, " The nature of the subject does not admit of direct proof of value, and when the fact of loss of society is established by testimony, the assessment of reasonable compensation therefor must necessarily be committed to the sound discretion and judgment of the triers of fact." In Platz v. McKean Township et al., 178 Pa. 601, the learned judge below instructed the jury : " You have a right to take up this case . . . . if you believe that this woman was hurt by the negligence of the officers of that township . . . . and when you find that you take up this case and you have a right to put a value on her services from the day she got hurt until the day that she may die, and as to that we have no proof. There is a way of estimating the life of humanity by the Carlisle tables, but they have not seen fit to put them in here. There has been no proof of that, and you have a right to use

reasonable, fair intelligence as regards this matter, and esti-
mate about the time this woman is likely to live, and then
you can value her services until that time, and you can add
to that the expense and outlay for medicine and nurse, etc.,
that the plaintiff would have to do to keep her comfortable
and to keep her living, and you can make your estimate from
that and return your verdict accordingly." Mr. Justice McCol-
lum delivering the opinion of the court said (page 611): "The
instruction as to the measure of damages has the express sanc-
tion of this court in Kelley v. Maybberry Township, 154 Pa.
440, and a discussion of it in this case is therefore unneces-
sary." In Henry and Wife v. Klopfer, 147 Pa. 178, Mr. Justice
Williams said (page 184): "The jury was told that the hus-
band was entitled to recover the moneys he had expended or
become liable to pay, for the medical care and attendance
upon his wife during her illness, and for the loss of her serv-
ices while unable to attend to her domestic duties. The
jury was not misled by the verbiage employed by the learned
judge, for their verdict was for $225, a sum fully justified
by the evidence." While in this case the language of the
court below was criticised to some extent, yet the Supreme
Court fully approved the doctrine that the husband was en-
titled to recover for the loss of the services of his wife while
unable to attend to her domestic duties. The above cases
and many others that might be cited fully sustain the doc-
trine that a husband is entitled to compensation for the
aid, assistance, comfort and society which his wife would
be expected to render him if she had not been injured by
the negligence of the defendant, and this without proving the
value of such aid, assistance, etc., in dollars and cents. This
being the established law of Pennsylvania the learned judge
below committed reversible error in his charge to the jury.
The learned counsel for the appellees cites Rhodes's Appeal,
156 Pa. 337, and Nuding v. Urich, 169 Pa. 289, and argues
that because the wife is entitled to her own earnings, there-
fore the husband is not entitled to compensation for the loss
of her aid, assistance, comfort and society caused by the neg-
ligence of the defendants. We do not think these and kindred
cases have any application to the questions raised in the case
under consideration. Let it be conceded that a wife who earns

wages from a stranger is entitled to collect the same, yet that fact does not exclude the husband from his action to recover damage which he may have sustained by reason of any loss of companionship and service of his wife, under the circumstances.

We have not overlooked a line of cases, on the question of damages for loss of earning capacity, of which McKenna v. Citizens' Nat. Gas Co., 198 Pa. 31, Wallace v. Penna. Railroad Co., 195 Pa. 127, and our own case of O'Reilly v. Monongahela Railway Co., 17 Pa. Superior Ct. 626, are good examples. These and kindred cases have no application where a husband is claiming damages for the loss of the aid, society, comfort and assistance of his wife, of which he has been deprived by the negligent act of the defendant. There is no conflict between these cases and those upon which we rely in this opinion.

The assignments of error are all sustained and the judgment is reversed with venire facias de novo.