## Blythe Township v. Mary-D Coal Mining Co.

*Raymond L. Brennan*, for plaintiff.

*Ralph M. Bashore*, for defendant.

PALMER, P. J., May 7, 1945.—Plaintiff brought suit in assumpsit and filed a statement of claim to recover an amount due it for taxes for 1939-40, 1940-41, 1941-42.

Defendant filed an affidavit of defense in which the right of plaintiff to collect is attacked on the ground that the Act of June 20, 1939, P. L. 508, by virtue of which the suit is brought, is unconstitutional and for the single reason, "that the title of said Act does not give notice of the provisions of subsection B of section 2 of said act." The title to the act in question reads as follows:

"Defining the rights, powers and duties of collectors of county taxes, except in counties of the second class and counties having local or special laws relating thereto, and of collectors of city, in cities of the third class, borough, town, township, school district and institution district taxes; *providing for the collection of such taxes by suit*, distraint, and lien and sale of the chattels of taxables and of tenants on the real estate affected, and from employers of delinquent taxables; authorizing the appointment of deputies by the tax collectors; defining certain defaults of tax collectors as embezzlements; and imposing penalties." (Italics ours.)

Section 2, subsec. *(b)* of the act reads:

"In addition to all other remedies provided by this act, each taxing district shall have power to collect unpaid taxes from the persons owing such taxes by suit in assumpsit or other appropriate remedies."

In support of defendant's affidavit, article III, sec. 3, of the Pennsylvania Constitution of 1874 is cited, which reads:

"No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

The act makes special reference in its title as indicated by our italics in this opinion when quoting the title in these words: "Providing for the collection of such taxes by suit."

The subject of the act is to define the rights, powers and duties of tax collectors in the prescribed districts, as well as the means to collect the taxes, which is one subject, and how it could be more clearly expressed is difficult to understand. The title does give notice in section 2, subsec. *(b)*, and hence, we are of the opinion that the affidavit of defense cannot be sustained.

In speaking of article III, sec. 3, of the Constitution of Pennsylvania, the Supreme Court has said on page 303 in Booth & Flinn, Ltd., v. Miller, 237 Pa. 297:

"The purpose of the section in question was, as we have frequently said, to strike down omnibus bills which unite in the same law subjects entirely foreign to and not connected with each other, thereby giving no notice of the greater part of the contents of the bill and affording opportunity for fraud and deception. It is, however, no infringement of the section if there are several provisions in the bill, provided they are connected with and germane to the one general subject of the legislation. It is sufficient if they relate to and are a means of carrying out the one general purpose of the act. As said by Sterrett, C. J., in Kelley v. Mayberry Township, 154 Pa. 440, 449, instead of containing more than one subject, the provisions are cognate, each, respectively, relating not to a separate and independent subject of legislation, but to branches of the same general subject."

And this interpretation has been affirmed and reiterated by our appellate courts time and time again.

And now, May 7, 1945, the affidavit of defense is overruled and defendant is given fifteen days from this date to file an affidavit of defense on the merits.