David SAMUEL, a minor by his parents and natural guardians, Anna Louise Samuel and Joseph Samuel, and Anna Louise Samuel and Joseph Samuel, in their own right, Plaintiffs,

v.

Woodrow SANNER, individually and trading as Woodrow Sanner Co., Defendant,

v.

Joseph SAMUEL, Third-Party Defendant.
Civ. A. No. 16633.

United States District Court
W. D. Pennsylvania.

June 29, 1961.

Livengood & Braucher, Somerset, Pa., and Richter, Lord & Levy, Philadelphia, Pa., for plaintiffs.

Reed & Egler, Pittsburgh, Pa., for defendants.

WILLSON, District Judge.

This civil action was tried to a jury. The verdict favored plaintiffs. The cause of action arose out of an automobile accident which occurred as Joseph Samuel was driving his car on Route 31 in this District. In the daytime and under normal driving conditions, plaintiff gradually brought his automobile to a stop behind a truck making a left-hand turn on the crest of a hill. While plaintiff's car was stopped, defendant's truck, going in the same direction, came in contact with the rear of the passenger car inflicting the injuries and damages which are the subject of this civil action. In the car, be-sides the driver, was his wife, Anna Louise Samuel, and his minor son, David Samuel. The jury awarded the minor boy $250. It gave the wife plaintiff $12,850. The award to Joseph Samuel was in the sum of $11,900. Judgments were entered on the verdicts, and defendant has filed a timely motion for a new trial.

In the trial of the case, the defendant made no serious contention of nonliability, and finally, at the close of plaintiffs' case, liability was conceded. The serious trial issues were the extent, nature and disabling character of the injuries suffered by Anna Louise Samuel. In defendant's motion some ten reasons for new trial are advanced, but it seems to this court that Reasons Nos. 5 & 6, only, require any serious consideration. In the fifth reason advanced, defendant says that the court committed fundamental error in its charge to the jury concerning the plaintiff Joseph Samuel's claim for loss of consortium; and in Reason No. 6, it is alleged that there is no sufficient or substantial evidence tending to support the amount of the jury's verdict in favor of Joseph Samuel. As the court understands it, the defendant argues that as a general proposition, the husband's award for consortium must be considerably less than the jury award to the wife for her pain, suffering and inconvenience.

At this point it is appropriate to mention that at the conclusion of the charge to the jury counsel were asked whether there were any errors in the charge they wished corrected or whether they wished any additions to the charge as given. Each of the attorneys made requests which were granted, and thereafter no exceptions to the charge were taken, nor did counsel for the defendant raise the issues which he raises in his motion.

The accident occurred November 9, 1956. At that time husband and wife were both 34 years of age. Defendant concedes that the verdict of the jury in favor of the wife plaintiff was reasonable in amount. In the husband's case, under the evidence, he was entitled to $110 for medical expenses for his son David. He was also entitled to $100 property damage

to his car over and above the collectable insurance. He had a bill of his own for medical expenses for $10, and in behalf of his wife he had incurred expenses aggregating $2,012.78. Necessarily then the remaining amount, namely $9,667.22, was made up of damages for his own pain and suffering and his loss of consortium. It certainly must be conceded that the jury awarded him the major amount for his loss of consortium because his own injuries were minor.

As trial judge, when the verdict was returned by the jury, I was well satisfied that all parties had received a fair trial and that the jury returned a just verdict.

█ As the court understands defendant counsel's argument, he asserts that in the charge I placed undue emphasis upon the plaintiff husband's claim for loss of consortium, and in that connection he specifically claims that I characterized the consortium claim as "a substantial item". He then claims error in the court's definition of "conjugal relations" as embracing the ordinary normal sexual relations between man and wife in the marriage state because, says counsel, there was no testimony elicited at the trial that there was any interference with the plaintiffs' marital relationship because of any injuries suffered by the wife. In his brief, counsel, at page 11, however, in speaking of the charge on loss of consortium says:

"* * * In fairness, the charge on loss of consortium constituted a clearly stated exposition of this element of damage. * * *"

He then quotes the charge in his brief in full on consortium.

Under the evidence which the jury had before it, as trial judge, I fail to see where defendant was, in any way, prejudiced by the charge on consortium. Counsel, in reviewing the charge, in an effort to show undue emphasis on the point in question, refers to the number of pages in the record taken up by the various elements touched upon by the court in the charge. For instance, he says only one page was used to cover the question of the plaintiffs' burden of proof as it affects

the question of damages. The question of credibility took only one-half page. The general outline of the question of damages took three pages altogether. He says the minor plaintiff's injuries were referred to in one short paragraph; and plaintiff Joseph Samuel's own claim for personal injuries was covered in a little over half a page. He then continues that the wife plaintiff's claim for damages was covered by the court in a little over two pages. As I understand it, he says undue emphasis results in part, at least, because the court took two and one half pages of the record to charge the jury as to the item of the husband's claim for loss of consortium.

The issue boils itself down to the question then, that even though the court is complimented by defendant's counsel on the clear exposition of the element of damage called "loss of consortium", nevertheless, it should not have been given because it amounts to undue emphasis on that part of the case. It is believed, however, that counsel reads that page of the charge out of context; especially, is that so when in the charge it is complained that the jury was told that the consortium item is "a substantial item". That phrase does not stand alone. The sentence referred to is preceded by a sentence which reads:

"* * * So that question again, should be carefully considered by the jury. * * *"

and it is followed by a sentence beginning:

"* * * It is a substantial item no doubt, and it is an element that the jury will give fair and impartial consideration to, and award the husband a sum of money to compensate him for his loss of society, fellowship, so on, of the wife. * * *"

In the many decisions which discuss the element of damage included in the claim for loss of consortium, I find no language specifically referring to diminution of sexual activity between a husband and wife mentioned. However, under all of the decisions, it seems perfectly clear that

it is an item included in the subject matter. In all the definitions consortium includes conjugal relations. Webster defines conjugal as:

"of or pertaining to marriage, the married state or married persons in their mutual relations; matrimonial, connubial."

In Ballantine's Law Dictionary consortium is defined as:

"The right of a husband to the conjugal fellowship of his wife, to her company, co-operation, and aid in every conjugal relation."

It appears to be impossible to add a more precise discussion of this subject then as contained in Neuberg v. Bobowicz, 1960, 401 Pa. 146, 162 A.2d 662, which is the latest dissertation on consortium by the Supreme Court of Pennsylvania. In that case the court cites several of the older cases to the effect that a husband may have an award for loss of consortium even though there is no specific evidence on the point at issue. For instance, in Neuberg v. Bobowicz, supra, 401 Pa. at page 154, 162 A.2d at page 665, Justice Eagen speaks of the quantum of evidence required to support a verdict for a loss of consortium. He quotes from an older case [Kelley v. Mayberry Township, 154 Pa. 440, 26 A. 595]:

"* * * That services, in the ordinary sense, were not rendered at all, would be immaterial and irrelevant, except as the fact might, under some circumstances, tend to show a want of conjugal regard and affection, and thereby mitigate the damages. * * *" (Cases cited)

As trial judge in a busy court, the issue of loss of consortium often arises. On many occasions counsel will ask a husband whether sexual relations have been lessened by reason of an injury to a wife. This interrogation has been permitted but it is not believed that it is a prerequisite to consideration by the jury of the possible diminution in sexual relationship as being an element of damages.

As Justice Eagan further said in Neuberg v. Bobowicz, supra, 401 Pa. at page 154, 162 A.2d at page 666:

"* * * Thus, the fact of marriage to the injured spouse is itself apparently enough to support a finding for recovery, because 'in such cases jurors, endowed with at least a modicum of common sense, may be supposed to have some knowledge of ordinary affairs of life.' Kelley v. Mayberry Township, [1893] supra, 154 Pa. at page 448 [440], 26 A. [595], at page 597. * * *"

■ Finally, in my view of the evidence, the jury came to a correct and just conclusion. Taking defendant counsel's résumé of the plaintiff wife's injuries as set forth in his brief, it is apparent that the jury could find and did find that the husband's loss of consortium permitted a substantial award in his favor. In my opinion the award to the plaintiff husband was moderate and reasonable. The motion for new trial will be denied.