## DuBOIS BOROUGH v. OSEPH AND MARY BAKER.

ERROR TO THE COURT OF COMMON PLEAS OF CLEARFIELD COUNTY.

Argued April 18, 1888—Decided April 30, 1888.

1. When an action is brought under the act of June 11, 1879, P. L. 126, in the name of the husband and wife, for the use of the wife, to recover damages for injuries done to the wife, a disclaimer by the husband filed at the time of the trial is too late, and the right to combine the causes of action does not arise.

2. Hence, it matters not that evidence of damages to the husband was given without objection: the right to recover those damages in that action depended upon a compliance with the proviso of the statute.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 164 January Term 1888, Sup. Ct.; court below, No. 407 May Term 1886, C. P.

On October 2, 1883, an action in case was brought by Joseph Baker and Mary Baker, his wife, for use of said Mary Baker, against the borough of DuBois to recover damages for injuries received by Mrs. Baker resulting from an alleged defective sidewalk.

At the trial on May 25, 1887, the plaintiff moved for leave to file the following disclaimer, under § 1, act of June 11, 1879, P. L. 126 :

Now, 25th May, 1887, I, Joseph Baker, husband of Mary Baker, do for myself, my heirs, executors and administrators, hereby release and disclaim all right on my part to recover damages for injuries sustained by my wife Mary Baker by reason of the accident or injury claimed for in this suit, or for any loss of time or service, or for expenses for medical attendance, or for any other damages for which I could recover in an action in my own name against DuBois borough for said injury.

Witness my hand and seal this 25th day of May A. D. 1887.

JOSEPH BAKER. [L. S.]

Defendant's counsel objected, for the reason that the act of 1879 requires the disclaimer to be filed at the time of bringing the action.

By the court: Being of the opinion that the disclaimer may be filed at any time before actual trial had, the purpose being to conclude the right of action in the husband, the objection is overruled and disclaimer ordered to be filed.[1]

The court, KREBS, P. J., so far as related to the question raised here, charged the jury as follows :—

[If this plaintiff did suffer, as she alleges here, and you do so find by the testimony in this case, then she is entitled to compensation for the pain and suffering she endured, in addi-

tion to the outlays of money made by her husband in the shape of doctor bills, for the service of servants, and for the loss of her service to him, he having in this case filed a disclaimer on his part, and put upon record his declaration that he does not and will not seek to recover for his wife's services, nor for any expense arising in consequence of the injury had. Having filed such a paper, you may, therefore, in this case award to the wife the loss of her own personal services, what they were worth to her in her station of life, and to her husband. In measuring that, you have a right, of course, to consider her station in life and what her possibilities of earnings were. For the wages or compensation of servants employed, you have a right to award such amount as is reasonable and proper, and what would be compensation to the persons that performed the services claimed for. As to the amount of the doctor bills paid out by the husband, he alleges that he paid out about $150, but that he kept no actual account of it, not thinking necessary at that time, and cannot give the exact amount now. You can probably arrive at what a fair and reasonable amount would be for that, as some of you no doubt have had the attendance of a physician and know what would be the probable charge.] [2]

The verdict of the jury was in favor of the plaintiff for $454.90. On September 26, 1887, on the hearing of a motion in arrest of judgment and for a new trial, it was ordered that if the plaintiff should file a remittitur of all of said verdict over the sum of $375, within fifteen days, the rule should be taken as discharged, otherwise, etc. The remittitur having been filed and judgment entered accordingly, the defendant took this writ, assigning for error :

1. The order allowing the disclaimer to be filed.[1]

2. The part of the charge embraced in [ ] [2]

*Mr. Thos. H. Murray* (with whom was *Mr. Cyrus Gordon*), for the plaintiff in error :

1. The measure of damages to wife and husband, respectively, in a separate action by each, tried together, is thus stated by the court below in Susquehanna Depot v. Simmons, 112 Pa. 384 : " She is entitled to recover compensation for the pain and suffering, both mental and physicial, which she has un-

dergone by reason of the negligence of the defendant and not caused or aggravated by her own negligent acts. The measure of the husband's damages, if he recovers, is what he has expended in medicines, doctor bills, nurses, and other necessary care and treatment of his wife on account of this injury, and also such damages as he may have sustained by reason of her loss of working or earning power." This rule, thus clearly stated, was not complained of in this court, though the judgment in that case was reversed on other grounds.

2. That there can be no greater measure in a suit by the wife than above stated, except by virtue of a disclaimer filed by the husband under the act of 1879, will not be denied. As there was a greater measure allowed in this case, the question is, simply, was the disclaimer filed in time to avail the wife of the benefit of that statute. It was not filed in time, because the proviso requires it to be filed, "at the time of the bringing" of the action. The language is plain and specific, and is as imperative as if it in terms prohibited the filing at any other time than at the bringing of the suit: Kensington v. Keith, 2 Pa. 218, 220; and it should have its obvious and ordinary meaning and import: 1 Kent, Com., 462; Mallan v. May, 13 M. & W. 511; Fairlee v. Corinth, 9 Vt. 269; Minis v. United States, 15 Pet. 445; Haines v. Levin, 51 Pa. 417; § 13, act of March 21, 1806, 4 Sm. L. 332.

*A. L. Cole* (with whom was *Mr. Allison O. Smith*), for the defendants in error:

1. The simple filing, or offering to file, a disclaimer at the time of calling the case for trial, or of filing or offering to file any other paper which the plaintiff saw fit, any time before or at the trial, would not be the subject of a bill of exceptions, for the reason the defendant could not be affected one way or the other by the act. Hence, the permission to file the disclaimer at the trial was not error.

2. The evident intention of the act of 1879, was to enable a wife to recover in an action for her use, for all that might be recovered in separate actions by both husband and wife, and to conclude the husband from afterwards maintaining an action in his name. Statutes are to be construed so as best to effectuate the intention of the legislature, though such construction

may seem contrary to the letter: Commonwealth v. Fraim, 16 Pa. 163.

3. The defendant took the risks of a verdict, without objecting to the evidence when offered, and may not now be allowed to take advantage of the charge of the court based on such evidence, especially, where the error complained of is harmless. The charge could not have injured the defendant, since, if the judgment stand, no suit can be brought by the husband in his own right. Harmless error will not be allowed to overturn a judgment: Schmoyer v. Schmoyer, 17 Pa. 520; Johns v. Battin, 30 Pa. 84; Hoskinson v. Eliot, 62 Pa. 393; Blackstock v. Leidy, 19 Pa. 335.

OPINION, MR. JUSTICE GREEN:

This was an action brought by a married woman and her husband, in right of the wife, to recover damages for a personal injury to the wife. In order that the damages which might be recovered by the husband should be recovered in this action, along with those which belonged peculiarly to the wife, the husband on the day of the trial filed a disclaimer of all his damages, under the first section of the act of 11th June, 1879, P. L. 126. When the application to file the disclaimer was made to the court, the defendant objected on the ground that the act requires the disclaimer to be filed at the time of bringing the suit, but the court overruled the objection and granted the defendant an exception.

The first section of the act is in the following words :—

That in all actions hereafter to be brought in any of the courts of this commonwealth, in the name of the husband and wife, for the use of the wife, to recover damages for injuries done to the wife, evidence may be given to show the value of the wife's services and the expense arising in consequence of such injuries and recovery may be had therefor: provided, however, that at the time of bringing any such action the husband shall file a stipulation in writing disclaiming all right on his part to recover damages for such injuries by an action in his own name: and provided further, that any damages so recovered shall be for the use of the wife.

Prior to the act of 1879, the wife could only recover the damages which were personal to herself, and the husband had a

right of action for the loss of the wife's services and the expense to which he was subjected for the medical treatment and nursing of the wife, and such medicines and other necessary expenses as were incident to her recovery.   By the act in question provision was made for the recovery of the husband's damages in the action by the wife.   It required a statute to make this transfer.   The right to make the transfer, however, so that it should become effective for the wife, was made dependent upon a certain condition, to wit: that the husband should file his disclaimer at the time of bringing the action.   In this case the action was brought on October 2, 1883, but the disclaimer was not filed until May 25, 1887, just as the case was called for trial.   The plain letter of the statute was therefore violated, and as a necessary consequence the right to combine the two causes of action did not arise.   We cannot disregard the very words of the act.   Their meaning is not in the least degree doubtful, and as a matter of course we must enforce them.   Both the right to give evidence of the husband's damages and the right to recover for them, are given by the enacting clause, and compliance with the explicit terms of the proviso clause is as essential to the one as to the other.   Hence, there is no force in the argument that the evidence of the husband's damages was given without objection.   The right to recover those damages in this action still depended upon compliance with the proviso.   We are clearly of opinion that there was error, both in permitting the disclaimer to be filed at the time of the trial, and in directing the jury that they might allow for both the husband's and the wife's damages in their verdict.

Judgment reversed, and new venire awarded.