## Anna Rockwell *v.* Waverly, Sayre and Athens Electric Traction Company, Appellant.

*Negligence—Husband and wife—Injury to wife—Act of May 8, 1895.*

The purpose of the Act of May 8, 1895, P. L. 54, entitled "An act relative to actions by a husband and wife for injury to the person unlawfully inflicted on her," is to provide that the two rights of action, recognized as still existing in both husband and wife respectively, should be redressed in only one suit to which both husband and wife are made parties before the trial. Nevertheless said act recognizes a separate right of action in each, which either or both may assert, and if the court at the instance of the defendant refuses to consolidate the two actions, a verdict and judgment in favor of the wife in her own case will be sustained, and the wife cannot be prejudiced by the mistaken action of the court in denying the motion to consolidate.

Argued March 16, 1898. Appeal, No. 380, Jan. T., 1897, by defendant, from judgment of C. P. Bradford Co., Sept. T., 1896, No. 161, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass for personal injuries. Before PECK, P. J.

The facts appear by the opinion of the Supreme Court.

Defendant's point and the answer thereto were as follows :

4. Under the pleading and evidence in this case the verdict must be for the defendant. *Answer:* We do not affirm this proposition.

Verdict and judgment for plaintiff for $1,200. Defendant appealed.

*Error assigned* was above instruction.

*J. C. Ingham* and *D. A. Overton,* with them *A. C. Wade* and *L. T. Hoyt,* for appellant.—The first section of the act is plainly

imperative or mandatory.    The words expressive of this intent are such as are usual in statutes of this character: "Whenever injury shall be wrongfully inflicted upon the person of the wife, and a right of action accrues to the wife and also to the husband, these two rights of action shall be redressed in only one suit brought [not two consolidated after having been brought] in the name of the husband and wife." The duty or obligation is rendered as imperative by apt and precise words as could be done, unless negative words prohibiting the old mode were added.    The word *shall* will not be construed *may* unless absolutely necessary to prevent irreparable mischief: City Sewage Utilization Co. v. Davis, 8 Phila. 625.

When authority to proceed in courts of justice is conferred by statute, and when the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory and must be strictly complied with, or the proceeding will be utterly void: Norwegian Street, 81 Pa. 349; Seymour v. Judd, 2 N. Y. 464; Endlich on Statutes, sec. 435.

In Railroad v. Decker, 84 Pa. 419, and afterwards in Birch v. Ry. Co., 165 Pa. 339, this court decided that no other persons than those designated in the act of 1851 could institute the action, that it was imperative.

*H. F. Maynard*, with him *Wm. Maxwell*, for appellee.—The only purpose of the act is to save costs and expense to the parties.    The general public is not interested in the construction of the act, therefore the parties may waive its provisions: Endlich on Statutes, sec. 445.

The plaintiff, Anna Rockwell, clearly had the right to determine her rights in this action, although the right of A. E. Rockwell for damage, by reason of injury to the wife, be lost by reason of his nonjoinder in the suit with his wife: Du Bois Borough v. Baker, 120 Pa. 266.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 17, 1898:

The cause of action in this case arose after the passage of the Act of May 8, 1895, P. L. 54, entitled "An act relative to actions by husband and wife for injury to the person unlawfully inflicted on her." This appeal involves the construction of that act.

When the cause was called for trial, on September 21, 1897, an affidavit was presented to the court below by plaintiff's husband, E. A. Rockwell, setting forth that this, his wife's suit, and his own suit, being Nos. 161 and 162 of September term, 1896, were actions to recover damages for injuries unlawfully inflicted by the defendant company upon the person of his said wife, whereby a right of action accrued to her and also to himself, and asking that the two actions be consolidated and tried by one and the same jury; that separate verdicts be rendered therein, determining the respective rights of his wife and himself, and that separate judgments be entered, as provided in said act. In this request the plaintiff joined and moved the court to consolidate the actions, etc., but the defendant objected, and thereupon the motion was denied, and the trial proceeded.

Previously to the application, the plaintiff's statement, in which the fact of her coverture was not disclosed, had been filed, and the defendant company pleaded " not guilty " thereto. On the trial, the fact of plaintiff's coverture was further shown, and, at the close, defendant requested the court to instruct the jury that " under the pleadings and evidence . . . . the verdict must be for the defendant." This was refused and, the case having been submitted to the jury, a verdict was rendered in plaintiff's favor for $1,200.

The refusal of the court to charge as requested constitutes the only specification of error.

The defendant company does not of course complain of the refusal of the court to consolidate the two actions for the purpose of trial, nor is it in a position to do so, because the court in denying the plaintiff's motion sustained its objection thereto. Defendant's contention is that the plaintiff was not entitled to recover because her suit was brought by her alone for a cause of action arising after the passage of the act of May 8, 1895, in which it is claimed no provision is made for the subsequent consolidation of such actions as this. It is not claimed that the evidence was insufficient to warrant the jury in finding as they did.

This is a quite too narrow construction of the act, the manifest purpose of which was to provide that the two rights of action, recognized as still existing in both husband and wife

respectively, should be redressed in only one suit to which both husband and wife are made parties before trial. While the last section of the act makes special provision for the consolidation of suits pending at the date of its passage, it by no means follows that actions brought afterwards may not be consolidated for the purpose of a trial in which the respective rights of both husband and wife may be redressed in the manner directed by the second section of the act. That section declares: "Either the husband or the wife may waive his or her right of action, and his or her failure to join in the suit within twenty days after service of a rule to join or be barred shall be conclusive evidence of such waiver, but if both join in the suit, separate verdicts shall be rendered, one verdict determining the right of the wife and the other verdict determining the right of the husband, and separate judgments shall be entered thereon with the right to separate executions. The rule herein referred to may be entered by the court of its own motion."

This section clearly recognizes the continued existence of the same right of action in each, husband and wife, that they respectively had before the passage of the act, and manifestly contemplates the bringing of an action by either afterwards; and also provides a mode by which the other shall either join in the suit or be barred as fully and effectually as if he or she had actually waived his or her right of action. If one of the parties may thus be compelled to join in the action of the other, or be adjudged to have waived his or her right of action, it is certainly competent for both to voluntarily assent that their respective rights of action be redressed in one suit, to which each thus voluntarily becomes a party, as fully and effectually as by being ruled to join. The act evidently contemplates a suit brought to trial, in which both husband and wife have previously become parties either voluntarily or by being ruled to join in the suit after it had been brought. The main purpose of the act is thus fully accomplished, and an issue is presented for trial, in which the two rights of action may be redressed in only one suit. Any other construction of the act would be contrary to its spirit as well as the true intent and meaning of the section above quoted.

It matters not that the husband and wife, as in this case, had each brought a separate suit. They each had a separate

right of action which it was the privilege of either or both to assert. That right, as already stated, is distinctly recognized by the act, which contemplates nothing more than that the two rights of action be redressed in one suit, without reference to when suit was originally brought. The consolidation of suits, which is equivalent to an amendment by adding the other party, is evidently contemplated by the act, and as a general rule it should be allowed by the court on such terms as to costs, etc., as in each case may be just and reasonable.

It was not the fault of the plaintiff or her husband that consolidation was not permitted in this case; and surely the former cannot be prejudiced by the mistaken action of the court in denying the motion to consolidate. The defendant company, of course, is not in a position to complain, because in denying the plaintiff's motion, the court sustained its objection thereto.

We find nothing in the record of which the defendant has any just reason to complain.

Judgment affirmed.