## Koch *v.* City of Williamsport.

*Married women—Desertion—Right of a deserted wife to maintain action for personal injuries—Act of June 11, 1879, P. L. 126.*

Under the act of June 11, 1879, a married woman who has been deserted by her husband may maintain a separate action in her own name to recover damages for personal injuries to herself, and if she establishes the fact of desertion at the trial, it is immaterial that she has not averred it in her statement.

*Negligence—City—Obstruction in street—Notice—Evidence.*

In an action against a city to recover damages for personal injuries caused by an obstruction in a street, it is not improper to admit in evidence as bearing upon the question of notice, the fact that all members of the police force of the city just before the injury complained of were frequently instructed to report obstructions in the street.

*Negligence—City—Obstruction in street—Evidence.*

In an action against a city to recover damages for personal injuries caused by an obstruction in the street, an agreement between the contractor who placed the material in the street and an adjoining owner for whom the material was to be used, is inadmissible.

*Negligence—City—Obstruction in street—Proximate cause.*

In an action against a city to recover damages for personal injuries alleged to have been caused by an obstruction in a street, where it appears that the driver of the carriage in which plaintiff was riding drove into the

obstruction, and just as he did so, a street car came along and collided with the carriage, it is not improper for the court to charge that it was "a question of fact for the jury as to what was the proximate cause of the injury in this case; if it were by reason of the stone pile being there, and by reason of that that the driver of the conveyance drove into it just as a street car came along, and it all occurred by reason of the stone pile being there, the city would be liable if it were guilty of negligence."

Plaintiff having been injured by driving in the night-time into a pile of stones, of the presence of which in a public street no warning was given by a light, and the testimony showing that the stones had been in the street for at least three days, the court committed no error in submitting the question to the jury as to whether the city had constructive notice of the obstruction.

Argued March 13, 1900.   Appeal, No. 224, Jan. T., 1899, by defendant, from judgment of C. P. Lycoming Co., March T., 1895, No. 510, on verdict for plaintiff, in case of Phœbe Koch v. City of Williamsport.   Before McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ.   Affirmed.

Trespass for personal injuries.   Before MAYER, P. J., specially presiding.

At the trial it appeared that plaintiff was injured on the night of July 4, 1895.   At the time of the accident she was riding in a conveyance in the city of Williamsport.   As the carriage was going down Park avenue the driver drove into a stone pile, of which no warning was given by signal lights and just as he did so, a street car came along and came in collision with the conveyance, resulting in serious injuries to plaintiff.   The defendant claimed that the obstruction in the street was building material placed there by a contractor named Walz, who was constructing a building for an adjoining owner named Stead. The testimony showed that the stones had been deposited in the street on the 1st, 2nd and 3d of July, the pile increasing in size from day to day.

The plaintiff on the witness stand was asked:

"Q. State whether or not your husband deserted you at or about that time—about August, 1894.   A. Yes, sir, he did."

Mr. Reardon: Counsel for the defendant object to the testimony of the witness as to the desertion of her husband, first, because it is not set forth in the plaintiff's declaration; second, because it is incompetent, irrelevant and immaterial; and third,

because there is no stipulation of release filed in this case as provided by the act of assembly.

The Court: The objection is overruled and the evidence admitted and bill sealed for defendant. [1]

" Q. State whether or not you made an application for a divorce from him. A. I did."

Mr. Reardon: Counsel for defendant object to the testimony of the witness because incompetent, irrelevant and immaterial.

The Court: The objections are overruled and evidence admitted. [2]

Evan Russell, an ex-chief of police, was asked this question:

" Q. State whether or not these oral instructions that you have stated that you gave to the police with regard to obstructions were ordered to be given by the mayor and approved by him."

Mr. Reardon: That question is objected to as not being the best evidence; second, because the witness is incompetent to testify to such a question, and it is, therefore, irrelevant and immaterial.

The Court: The objections are overruled and the evidence admitted. [3]

Counsel for defendant offered in evidence argeement between Walz and Stead.

Mr. Gilmore: Counsel for plaintiff object to the evidence offered as incompetent, irrelevant and immaterial.

The Court: I do not see how that can be evidence. [4]

Defendant's points were as follows:

1. That Andrew H. Walz and Thomas March, who placed the stone heap upon this street, were independent contractors, and that the city defendant cannot be held liable for the negligence of independent contractors, and that the verdict of the jury must be for the defendant. *Answer:* We refuse that point under the circumstances as disclosed by the evidence in this case. [5]

2. That under the evidence in this case the immediate and proximate cause of the injury to the plaintiff was the collision between the car of the Vallamont Passenger Railway company and the buggy in which plaintiff was riding at the time of the injury, and that, therefore, there can be no recovery against the city in this case. *Answer:* That point is also refused, because

it is a question of fact for the jury under the evidence as to what was the proximate cause of the injury in this case. If it was by reason of the stone pile being there, and by reason of that that the driver of the conveyance drove into it just as a street car came along, and it all occurred by reason of the stone pile being there, the city would be liable if it was guilty of negligence. [6]

The court charged in part as follows:

[I may as well say that the question has been raised here whether this plaintiff, Phœbe Koch, being a married woman, can recover without her husband joining in the action. The act of 1897 requires that where an injury is sustained by the wife, suit shall be brought in the name of the husband and the wife, and the husband can recover what he is entitled to under the law and the wife what she is entitled to, and a separate verdict would be rendered for both the husband and wife. But as the testimony in this case shows, the wife was deserted by the husband, who left her a year before the accident occurred and has not been living here and not supporting and maintaining her since. It would be impossible for her to bring the suit joining the husband, because he is not here to assert his right, and we do not know what injury he has sustained. She might not be able to bring a suit where the husband deserts her—if the husband deserts her and remains away. So we say to you that this wife is entitled to recover for the injury she has sustained to herself, and not for injuries her husband might be entitled to recover under the law. . . . Mrs. Schneider also testified that she was unable to stoop down and perform labor in the usual way; that when she did that she became dizzy. Mrs. Koch also testified that she was unable to do but very little labor since that; that her one side is partially disabled, and that her hand is disabled, and in consequence of that she has been unable to labor. She seeks to recover compensation from the city of Williamsport for the injuries which she alleges she has sustained. If, under the instructions of the court, the jury believe she is entitled to recover, then she would be entitled to be fully compensated for these alleged injuries whatever the jury in their judgment think would be a fair and reasonable compensation.] [7]

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

*Errors assigned* were (1–4) rulings on evidence, quoting the bill of exceptions; (5–7) above instructions, quoting them.

*John J. Reardon,* for appellant.—If we grant that the learned court correctly interpreted the act of 1879, in this regard, defendant contends that it was necessary for plaintiff to aver in her declaration the material fact that her husband had deserted her, and that without such averment it was not competent for her to prove it on the trial under objection by defendant.

It is difficult to understand upon what principle of evidence the court admitted the testimony of Evan Russell, an ex-chief of police of the defendant city. It is a fundamental rule of law that the negligence of a municipal officer cannot be imputed to the municipality: Dillon's Municipal Corporations (3d ed.), sec. 975.

The temporary use of the streets and highways of a city for depositing building material is a well recognized right: 2 Dillon's Municipal Corporation, 730; Com. v. Passmore, 1 S. & R. 217; Palmer v. Silverthorn, 32 Pa. 65.

In the exercise of this right, Walz was an independent contractor, and both authority and reason forbid that the defendant city should be made responsible for the negligence of one exercising a common-law right and over whom she had no control: Painter v. Pittsburg, 46 Pa. 213; Wray v. Evans, 80 Pa. 102; Borough of Susquehanna v. Simmons, 112 Pa. 384; Eby v. Lebanon County, 166 Pa. 632; Reed v. Allegheny City, 79 Pa. 300.

*W. C. Gilmore,* with him *B. S. Bentley,* for appellee.—Plaintiff had a right to bring an action in her own name: Rockwell v. Waverly, 187 Pa. 568.

Russell's evidence was properly admitted: 2 Dillon's Municipal Corporations, sec. 1025. There was no evidence of necessity to use its street for the storage of building material: Com. v. Passmore, 1 S. & R. 219; Dillon on Municipal Corporations (4th ed.), sec. 704; Church v. Church, 25 Pa. 278; Fritsch v. Allegheny, 91 Pa. 226; Simmons v. Borough of Susquehanna, 112 Pa. 384.

Ordinarily the question of proximate cause is for the jury, a consequence likely to flow from the negligent act : Bunting v. Hogsett, 139 Pa. 373.

PER CURIAM, April 30, 1900 :

It was established by evidence which was credible and not contradicted that the plaintiff was deserted by her husband nearly a year before the accident, and that from the time of his desertion of her she received no support from him and had not even seen him. It must therefore be conceded that under the circumstances shown she had an undoubted right to maintain her suit as she had instituted it. The desertion was a sufficient answer to the first, second and seventh specifications.

We are not convinced of error in the admission of Russell's testimony or in the rejection of the written agreement between Walz and Stead. We therefore dismiss the third and fourth specifications. The defendant's first and second points were included in the fifth and sixth specifications and the answers to them were satisfactory and free from error. It was clearly stated in the charge to the jury that there was no evidence that the city had actual notice of the obstruction in the street. In the absence of evidence of actual notice it remained to inquire whether the city was properly chargeable with constructive notice. The instructions relating to constructive notice and what constituted it, and to negligence and proximate cause were plain, comprehensive and impartial. Under these instructions and upon the evidence in the case it was for the jury to determine whether the cause of the injury received by the plaintiff was the negligence of the city. The case was fairly tried in the court below. The jury rendered a verdict for the plaintiff and we see no valid reason for reversing the judgment entered thereon.

Judgment affirmed.