---o---

No. 6312.

## EDGAR LANDRY, ET ALS, vs. MICHEL POIRRIER, ET ALS.

### Syllabus.

One who is neither owner, nor in possession as owner of a contiguous estate, nor is vested with a real right therein, is without interest or authority to maintain an action in boundary.

— 232 —

Appeal from the 27th Judicial District Court, Parish of St. James, No. 2810. Honorable Charles T. Wortham, Judge.

Guion, Lambremont & Hebert, for plaintiff and appellants.

Foster, Milling, Brian & Saal, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

When this cause was last before us we held that the petition stated a cause of action in boundary and we accordingly reversed the judgment of the trial Court upholding a plea of no cause of action and remanded the case for trial.

See No. 6035 of our Docket—Decree, March 23, 1914.

The plaintiffs now appeal from a judgment dismissing their suit after trial upon the merits.

Among the defenses urged is one to the effect that plaintiffs have no standing in Court to maintain this action, because whatever interest or title their ancestor, under whom they claim, may have had in the property sought to be bounded, was seized, sold and divested through a judicial sale by the sheriff of the Parish in 1872 in the suit of **Dupre, Reine & Co. vs. Estelle Pedesclaux,** their ancestor aforesaid.

As a legal objection to this defense, plaintiffs urge that in a boundary suit the question of title cannot be raised and they cite in support of this proposition, **Keller vs. Shellmire, 41 A., 324; Clapham vs. Clayton, 118 La., 422; Duplesis vs. Lastrappes, 11 Rob., 451, and Andrews vs. Knox, 10 Ann., 605.**

We find no sanction for such a principle in reason or in our jurisprudence. Plaintiffs do not pretend to be in possession of the property, nor do they claim any real rights therein other than those flowing from their alleged ownership by title derived from their ancestor. And if it be shown that this pretension is untrue and that they are not in fact the owners, it is impossible to conceive what object, interest or right they would have to prosecute this suit, since by the result thereof neither their personal nor property rights could in any degree be benefited, injured or affected.

> "An action can only be brought by one having a real or actual interest which he pursues; but as soon as that interest arises he may bring his action."
> **C. P., 15.**

Moreover, **R. C. C., 823,** provides that the "owners" of contiguous estates may institute the action, while R. C. C., 829 and 830 extend this faculty solely to persons who possess as owners and, in a limited degree, to usufructuaries, that is, to those in possession and vested with a real or apparent right in the property. But nowhere is the authority to bring the action conferred upon one who is devoid of ownership, possession or a real right. See **Sprigg vs. Hooper, 9 R., 248, 252.** The authorities cited do not sustain plaintiffs' petition.

In the **Keller vs. Shellmire case,** the opinion states that neither party to the action questioned the title of the other, and consequently the statement in the syllabus that ownership is not an issue in an action of boundary is clearly **obiter.** In **Chapman vs. Clayton** and **Duplesis vs. Lastrappes,** the only matter involved was whether or not the defendant could call his vendor in warranty and the Court held that he could not.

And finally in **Andrews vs. Knox,** the Court simply decided the point that where the parties claimed under a common author, the latter's title need not be proved, **since** neither could question it.

With regards to the merits of the defense, the plaintiffs admit that the whole of their ancestor's property, consisting of three tracts, one extending back 80 arpents from the river and two situated in the rear thereof, was seized in the suit aforesaid, but they claim that the sheriff did not sell the portion herein involved, namely, that located beyond the 80 arpent line, because the price for which the sheriff adjudicated the front tract was more than sufficient to satisfy the writ and that consequently he did not offer or adjudicate the rear tracts, but forthwith discontinued the sale.

The sheriff's deed recites that he seized the entire property; that he caused a surveyor to plat it into fifteen lots, with a road laid out 80 arpents in depth to be adjudicated as the common property of the purchasers of "the lots adjacent to said road;" and that he adjudicated the fifteen lots to sundry persons whose names, together with the lot or lots respectively purchased by each ,are detailed in the deed, the aggregate price of adjudication being $201.25 in excess of the writ, costs, etc., which excess was set aside as accruing to the seized debtor.

Surely these recitals make it affirmatively appear that the entire property was seized, divided into fifteen lots and sold, and expressly negative the contention that the sale was only stopped after a portion only of the fifteen lots were sold.

The only evidence to offset the recitals of the deed is that of plaintiffs' witness, Perigue, whose testimony, taken more than 42 years after the occurrence, is hardly

worthy of credence, and is moreover directly contradicted by that of Guidry, who was likewise present at the sale.

Plaintiffs' further contention that because the road mentioned in the sheriff's deed is described therein as extending back 80 arpents only, it must be inferred that the fifteen lots platted and sold by the sheriff were all situated along the road and consequently within the front or eighty-arpent tract, is likewise without merit.

This contention is based upon the assumption that the road was common to all of the fifteen lots, an assumption that does violence to the language of the sheriff's deed, since the recital therein that the road was to be adjudicated as the common property of the purchasers of "the lots adjacent to said road," would more readily justify the contrary assumption, namely, that only a portion of the lots were adjacent to the road. And the latter assumption is supported not only by the positive statement by the sheriff in his deed that he seized and divided into fifteen lots all three tracts, both those in front of and those beyond the 80 arpent line, but also, and still more conclusively, by a subsequent deed by one of the purchasers at this sale, wherein under a description which identifies it as the very property to which plaintiffs now claim ownership, the object of the sale is positively located as being in the rear of the 80 arpent line.

The trial Court sustained this as well as other defenses, which it is unnecessary for us to examine, and dismissed the suit.

We are satisfied that its judgment is correct and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, March 15, 1915.

Rehearing refused, April 19, 1915.