# Loughrey *v.* Pennsylvania Railroad Co., Appellant.

*Appeals—Negligence—Plaintiff's evidence—Facts found by jury.*

1. On an appeal by defendant in a negligence case, the appellate court will assume the facts as plaintiff's evidence tended to establish them and as the jury found them.

*Negligence—Railroads—Care as to running trains.*

2. Greater care than ordinary is required of a railroad company in running trains against the current of traffic and through a populous borough.

*Negligence—Railroads—Collision between train and auto—Passenger in auto—Duty of passenger—Contributory negligence—Unexpected peril.*

3. While a passenger in an auto is ordinarily bound to object to the driver of the car approaching a railroad crossing without stopping, looking or listening, he has the right to assume the driver will do his duty, and is not required to interfere until the driver gives evidence of failing therein.

4. If the driver is apparently about to stop, the passenger is not required to interfere.

5. Where a passenger in an auto is placed in sudden peril by an unexpected act of the driver, he is not required to exercise perfect judgment; just what he could or should do in the emergency, is for the consideration of the jury.

*Negligence—Parties—Husband and wife—Injury to wife—Separation—Nonjoinder of husband—Objection after trial—Res judicata—Act of May 8, 1895, P. L. 54.*

6. Failure to join a party as plaintiff in a negligence suit, cannot be taken advantage of after a trial on the merits.

7. Where the pleadings and evidence show that plaintiff in a negligence case had been deserted by her husband, and no objection is made to the nonjoinder of the husband, such objection cannot be made after a trial on the merits.

8. In such case defendant might have entered a rule on the husband to join in the wife's suit as provided by the Act of May 8, 1895, P. L. 54.

9. Where a wife, deserted by her husband, recovers damages for loss of earnings and earning power, the judgment in her favor is a bar to a subsequent suit by the husband, although he was not a party to the first suit.

*Appeals—Trials—Charge—Question not called to attention of trial judge.*

10. Except as to matters basic and fundamental, a trial judge will not be reversed for failure to instruct the jury on a question not called to his attention at the trial.

Argued September 30, 1925. Appeal, No. 122, March T., 1925, by defendant, from judgment of C. P. Armstrong Co., Dec. T., 1924, No. 203, on verdict for plaintiff, in case of Margreta Loughrey v. Pennsylvania Railroad Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before GRAFF, P. J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiff for $12,500. Defendant appealed.

*Errors assigned* were (1) refusal of judgment for defendant n. o. v. and (2) refusal of new trial, quoting record.

*Harry C. Golden,* for appellant.—Plaintiff was guilty of contributory negligence: Hill v. Transit Co., 271 Pa. 232; Lessig v. T. & L. Co., 270 Pa. 299; Martin v. R. R., 265 Pa. 282; Phillips v. Davis, 3 Fed. R. (2d) 798; Paul v. Ry., 231 Pa. 338; Easley v. R. R., 238 Pa. 67.

Plaintiff had no right to maintain this action without having joined her husband as a plaintiff: Donoghue v. Traction Co., 201 Pa. 181; Schmelzer v. Traction Co., 218 Pa. 29.

*C. E. Harrington,* with him *H. A. Heilman,* for appellee.—Contributory negligence is a question for the jury: Vocca v. R. R., 259 Pa. 42; Azinger v. R. R., 262 Pa. 242; Senft v. Ry., 246 Pa. 446; Jerko v. Ry., 275 Pa. 459; Nutt v. R. R., 281 Pa. 372.

Plaintiff had a right to maintain action without join-
der of husband: Koch v. Williamsport, 195 Pa. 488.


OPINION BY MR. JUSTICE WALLING, November 23, 1925:

This suit is the result of a grade crossing accident.
Defendant's double track railway extends through the
borough of Kittanning in a general northerly and south-
erly direction and is crossed at grade by a public high-
way known as McKean Street.  The latter approaches
the crossing from the west on a steep up grade, at the
foot of which is a level space where travelers on the
highway usually stop to look and listen for approaching
trains.  The plaintiff, Margreta Loughrey, was seriously
and permanently injured as the result of a northbound
passenger train colliding at this crossing with an east-
bound Ford touring car in which she was a guest.  The
jury found for the plaintiff and, on this appeal by de-
fendant, we must assume the facts as the former's evi-
dence tended to establish them, namely, that it was a
very dangerous grade crossing, not protected by gates
or watchman, that the train approached at the speed
of thirty-five miles an hour without adequate warning
by bell or whistle, and was moving north on the south-
bound track, what is known as "single lining."  There
was some conflict in the evidence as to speed and much
as to signals, yet, as to both, plaintiff's evidence was
ample to take the case to the jury (see Mellon v. Lehigh
Valley R. R. Co., 282 Pa. 39; Bickel v. Pennsylvania R.
R. Co., 217 Pa. 456), especially as greater care is required
in running trains against the current of traffic and
through a populous borough, as in this case.

Appellant's main contention is on the question of
contributory negligence.  The car in which plaintiff was
riding was owned and driven by one Henry Campbell,
who came along McKean Street at about fifteen miles an
hour and drove to the place of accident without stopping
to look and listen; so, manifestly, contributory negli-
gence would defeat an action by him.  Furthermore,

plaintiff, who sat in the front seat, was familiar with
the place and made no protest, would ordinarily be
guilty of contributory negligence (Martin v. Penna. R.
R. Co., 265 Pa. 282, and cases there cited: Hill v. Phila.
Rapid Transit Co., 271 Pa. 232; Dean v. P. R. R. Co.,
129 Pa. 514; also Phillips et ux. v. Davis, 3 Fed. (2d
series) 798), for the rule to stop, look and listen before
entering upon a railroad track, being inflexible, the pas-
senger who knowingly permits its violation by the
driver, without objection, tacitly joins in his act.    It
is an exception to the rule that the guest cannot be held
guilty of negligence as matter of law because he did
nothing.   The passenger, however, has a right to assume
the driver will do his duty and is not required to inter-
fere until he gives evidence of failing therein.   Here is
the pinch of the case.   So far as appears, Campbell was
a competent chauffeur and had driven the car carefully
until he came to the level place at the foot of the grade,
then he slackened the speed and reached apparently for
the lever of the emergency brake, leading plaintiff to
believe he was going to stop; instead he put on the gas,
ran the car rapidly up the grade and reached the track
so quickly, plaintiff, according to her testimony, had no
opportunity to protest.   The estimates of the witnesses as
to the length of this grade varied from thirty-five to seven-
ty-five feet.   Assuming the accuracy of the former, as we
must in favor of the verdict, the car, even at fifteen miles
an hour, would cover that distance in less than two
seconds.   Plaintiff was not called upon to interfere so
long as the driver was apparently in the act of stopping
the car (Beck v. Director Gen. of R. R., 268 Pa. 571;
Hardie et ux. v. Barrett, 257 Pa. 42; Senft v. Western
Maryland Ry. Co., 246 Pa. 446; Wachsmith v. B. & O. R.
R. Co., 233 Pa. 465; and see Nutt v. Penna. R. R. Co.,
281 Pa. 372); that she thereafter had opportunity to do
so is not so clear as to be a question of law.   Being
placed in sudden peril, by the unexpected act of the
driver, she was not required to exercise perfect judg-

ment; just what she could or should have done in the emergency depended on the circumstances of the particular case and was for the jury. The true rule on this question is stated by the present Chief Justice in Minnich v. Easton T. Co., 267 Pa. 200, 204, that, "The extent to which one, in the position of a guest, should appreciate an impending peril, and act in relation thereto, depends upon the facts peculiar to each case; unless these are manifest and the inferences to be drawn therefrom clear beyond peradventure, the issues involved must be submitted to the jury for determination." See also Beck v. Director General of R. R., supra; Jerko v. Buffalo, R. & P. Ry. Co., 275 Pa. 459, 463.

Plaintiff was a married woman, but had been separated from her husband and had supported herself for five years when this suit was brought, to which he was not joined as a party. Her statement of claim (no affidavit of defense being filed) sets out, inter alia, the marriage and desertion, and at the trial these allegations were supported by uncontradicted testimony. Defendant made no objection to the sufficiency of the proof of desertion nor requested that it be submitted to the jury, and, until after verdict, made no challenge of plaintiff's right to sue without the joinder of her husband; the objection then came too late. The failure to join a party as plaintiff cannot be taken advantage of after a trial on the merits. Moreover, except as to matters basic or fundamental, a trial judge will not be reversed for failure to instruct the jury on a question not called to his attention at the trial: Schwartz v. Caplan, 256 Pa. 239; Lerch v. Hershey Transit Co., 255 Pa. 190. In Koch v. Williamsport, 195 Pa. 488, we affirmed the judgment, where on parol evidence the trial judge treated the husband's desertion as established and did not submit the question to the jury. Hence, the evidence as to the desertion, in the case in hand, being credible and undisputed, the trial judge might assume the fact as proven, in the absence of a request that it be submitted to the jury.

True, section 1 of the Act of May 8, 1895, P. L. 54, provides that separate rights of action accruing to husband and wife, by reason of personal injury to the latter, shall be redressed in one action brought in the names of both. By deserting his wife, however, a husband forfeits his right to recover for an injury inflicted upon her, and, in that event, she may sue for such injury in her own name and the recovery therein may include loss of her earnings and of earning power: Schmelzer v. Chester Traction Co., 218 Pa. 29, 33.

Furthermore, the defendant might have entered a rule on the husband to join in the wife's suit, as the second section of the above cited act provides; in any event it was not injured by the nonjoinder of the husband, as the damages recovered were not greater than could have been in a joint action, and the judgment is a bar to any claim by the husband. This follows because the first section of the act, providing that the rights of both husband and wife shall be redressed in only one suit, is mandatory and but one can be brought: Donoghue v. Traction Co., 201 Pa. 181. In the case just cited the wife recovered judgment in a separate action and the husband's suit thereafter brought was nonsuited on the ground that he was concluded by the wife's suit, although not a party thereto, nor ruled to join therein.

The assignments of error are overruled and the judgment is affirmed.