## Fulcomer, Appellant, v. Pennsylvania Railroad Company.

Argued April 23, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Fred B. Trescher,* of *Kunkle, Walthour & Trescher,* with him *E. V. Buckley,* for appellant.

*Robert W. Smith,* of *Smith, Best & Horn,* for appellee.

OPINION BY RHODES, J., July 19, 1940:

Plaintiff, a married woman, brought an action in trespass against defendant to recover damages resulting from injuries sustained when her right foot became entangled in a wire on a pathway maintained by defendant as an approach to its station. The jury returned a verdict in favor of plaintiff in the amount $1,250. She filed a motion for new trial which was refused. Judgment was entered on the verdict, and this appeal followed.

In the court below appellant urged the granting of a new trial on the ground that the trial judge erred in excluding from the proofs expense items paid or contracted to be paid by appellant for medical attention, domestic help, medicines, and other similar items, which appellant had paid or contracted to pay, made necessary because of injuries received as the result of appellee's alleged negligence. The refusal of the trial judge to affirm one of appellant's points for charge was also raised under the motion and reasons for new trial in the court below, and is here assigned as error (fourth assignment of error). This assignment of error is overruled as appellant took no exception at the time of trial to the failure of the trial judge to answer the point submitted. The second and third assignments of error complain of portions of the charge of the court. The second assignment relates to that portion of the charge wherein the trial judge discussed the measure of damages; and the third assignment relates to the portion of the charge dealing with notice and constructive notice. More specific instructions on these subjects were not requested at the time of trial, and appellant took only a general exception to the charge. These matters were not raised under the motion and reasons for new trial, and consequently were not considered by the court below. On the retrial of the case, which

is required, both parties will be afforded an opportunity to request such instructions on these subjects as they consider necessary in order to have the legal principles applicable to the facts presented to the jury for their guidance. The second and third assignments of error are also overruled.

The first assignment of error complains of the refusal of the trial judge to admit evidence of expenses incurred by appellant as a result of the injuries which she sustained. The fifth assignment of error is to the refusal of a new trial by the court below. The first and fifth assignments of error will be sustained.

Appellant was injured on November 8, 1935. For many years prior thereto she had conducted a small store, and had been postmistress and mail messenger for the village of Lockport, Westmoreland County. At the time of her injuries she had ceased to operate the store, but was postmistress and mail messenger.

Appellant and her husband were residing together at the time of her injury, and this same relationship existed at the time of the trial on February 14, 1939. Her husband had been badly crippled for 45 years, and was unable to do work of any kind or character. This action was brought without the joinder of appellant's husband.

Testimony was excluded by the trial judge as to payments made and obligations incurred by appellant for medical attention, domestic help, medicines, and other similar items, on the theory that the right to recover for these items of expense was vested in the husband alone.

It is upon *King v. Thompson et ux.*, 87 Pa. 365 (1878), that reliance is placed to sustain this position. After quoting from this case the court below in its opinion said: "In this [instant] case the cause of action for the recovery of medical bills, etc., growing out of an alleged wrongful act of the railroad company [appellee] was

unquestionably in the husband. The mere fact that they were contracted by the wife in her own name or paid by her, if that were the fact, does not in any degree change the cause of action. Indeed, even if contracted by her and not paid, and upon an express promise on her part to pay, the husband continues to be primarily liable under the provisions of the Act of 1849 [8]. The cause of action for the recovery of such items is only with the wife where she has been deserted by her husband or is otherwise within the provisions of the Feme Sole Trader Act. It is not alleged that the plaintiff [appellant] has been appointed a feme sole trader and the proofs do not bring her otherwise within the provisions of the Feme Sole Trader Act."

If there has been no substantial change in the law since *King v. Thompson et ux.,* supra, then it may be admitted that the case rules the question here involved. That case was an action on the case brought by husband and wife (defendants in error) in the right of the wife to recover damages for alleged injuries to the wife. It was there held that, as suit was brought for the use of the wife, no recovery could be had for any loss the husband may have sustained, and for which he alone could bring suit; that the husband was entitled to the earnings of his wife, and was liable for her support and maintenance; that if, by reason of the accident, the earning power of the wife was diminished, the loss in a legal sense was the loss of the husband; and that if physicians' bills, medicines and expenses of nursing were incurred the husband would be liable for their payment unless the wife had been declared a feme sole trader under the existing acts, or was entitled to claim the immunities of a feme sole trader by reason of the causes enumerated therein. In *King v. Thompson et ux.,* supra, as in the instant case, the husband had been in bad health, and the wife had been obliged to support herself and family. Upon the trial the plaintiff

(the wife )was permitted to testify, over the objection of the defendant, as to the length of time she was unable to work as a result of the injury caused by the accident, and the expense to which she was subjected, as to the amount of the physician's bill for medical attendance, and that she had employed the physician herself. The court below admitted this evidence, and the Supreme Court reversed the judgment. At that time, however, the husband and the wife were required to maintain separate actions to redress their respective rights arising from injury to the wife. In 1878, and prior thereto, the capacity of a married woman to contract was exceptional and her disability general, and there was a presumption that her contracts were void. *Merchants' and Mechanics' Bank of Scranton v. Poore et al.*, 231 Pa. 362, 365, 80 A. 525.

By the Act of May 8, 1895, P. L. 54, §1, 12 PS §1621, the rights of action for personal injuries to a wife "shall be redressed in only one suit brought in the names of the husband and the wife." This section is mandatory; there shall be only one suit. *Donoghue v. Consolidated Traction Co.*, 201 Pa. 181, 182, 50 A. 952. Section 2 of this act, 12 PS §1622, provides: "Either the husband or the wife may waive his or her right of action, and his or her failure to join in the suit within twenty days after service of a rule to join, or be barred, shall be conclusive evidence of such waiver, but if both join in the suit, separate verdicts shall be rendered ......." Our courts have held that this act does not prevent the bringing of an action by either the husband or the wife, and that section 2 provides a mode by which the other shall either join in the suit or be barred as fully and effectually as if he or she had actually waived his or her right of action. *Rockwell v. Waverly, Sayre & Athens Electric Traction Co.*, 187 Pa. 568, 571, 41 A. 324; *Donoghue v. Consolidated Traction Co.*, supra, p. 183; *Loughrey v. Pennsylvania Railroad Co.*, 284 Pa.

267, 272, 131 A. 260. See *McFadden v. May,* 325 Pa. 145, 148, 189 A. 483.

We grant, as counsel for appellee contends, that subsequent to the Act of May 8, 1895, P. L. 54, 12 PS §1621 et seq., right of action in each, husband and wife, continued to exist as they respectively had before the passage of the act. *Rockwell v. Waverly, Sayre & Athens Electric Traction Co.,* supra. The husband may sue alone for his damages, or the wife may sue alone for hers, but there may not be two separate suits; or they may sue in the names of both, and by two verdicts have the total amount of damages apportioned. But as said in *Donoghue v. Consolidated Traction Co.,* supra, at page 183: "There is no natural right in one person to damages for injury to another. At common law the husband had an action for damages for injury to the wife whereby he lost her services, because he had the right to her services, including her earnings. The right arose from the common-law relation of unity of person, the husband as to personal property and services being the person. But marriage is a civil contract involving rights under the control of the law-making power. The legislature may sever the unity of person, and as to property, the right to separate earnings of the wife, and the damages for personal injury to her, it has already done so to a very great extent. It would be but a step farther in the same direction to take away altogether the husband's action for loss of services of the wife."

Following the case of *King v. Thompson et ux.,* supra, the Act of June 11, 1879, P. L. 126 (section 1 repealed by the Act of May 8, 1895, P. L. 54, §5), was enacted. Prior to that act recovery in the right of the wife was restricted to damages personal to herself, and the right of action for her services, expenses, etc., was exclusively in the husband. *Kelley et ux. v. Mayberry Township,* 154 Pa. 440, 448, 26 A. 595; *DuBois Borough v.*

*Baker et ux.*, 120 Pa. 266, 271, 13 A. 783. By this act provision was made for the recovery of the husband's damages in the action by the wife, but in order to accomplish this transfer the husband was obliged to file a disclaimer at the time the action was brought. *DuBois Borough v. Baker et ux.*, supra, p. 271.

The Act of June 8, 1893, P. L. 344, 48 PS §§31, 32, 111, 28 PS §320, and the Act of June 3, 1887, P. L. 332, which it superseded, emancipated married women from their common-law disabilities, and authorized them to incur contract liabilities as if they were feme soles, with the exception of such disabilities as are particularly specified in or contemplated by the act. *Newtown Title & Trust Co. v. Underwood et ux.*, 317 Pa. 212, 177 A. 27. Their disability is now exceptional and their capacity general; and it is to be noted that this legislation also changed the common-law rule, and thereafter vested in a married woman all earnings acquired by her in carrying on any separate or independent business, or in performing any labor or services on her sole and separate account. *Standen v. Pennsylvania Railroad Co.*, 214 Pa. 189, 199, 63 A. 467.

Although the primary liability for necessaries for the wife and family remains that of the husband, the wife becomes liable therefor when she specifically contracts in her own name and the credit is given to her, and the presumption that she is acting as her husband's agent is thereby overcome. *Strawbridge and Clothier, Inc., v. Shecter,* 92 Pa. Superior Ct. 61.

Prior to the Act of 1895 recovery by the wife in her suit for such items as medical expenses, necessary domestic help, and other similar items, would not have been a bar to an action for the same items of damage by the husband. The husband was entitled to recover the moneys he became liable to pay for her medical care and attendance, as well as for the money he had expended. *Henry et ux. v. Klopfer*, 147 Pa. 178, 184,

23 A. 337. "Aside from the Act of 1879, and in the absence of the stipulation therein provided for, the husband would sue alone for his damages, and the wife for hers": *Kelley et ux. v. Mayberry Township,* supra, 154 Pa. 440, at page 446, 26 A. 595, at page 597. Separate actions could be tried by different juries. For such expenses necessarily incurred as a result of the wife's injuries, and related to her support and maintenance, the husband was primarily responsible, and he would have had to pay, if the wife did not, even after recovery by her therefor. The Act of April 11, 1848, P. L. 536, created, under certain circumstances, a secondary liability against the separate estate of the wife for articles necessary for the support of the family, but preserved the common-law liability of the husband. *Clothier v. Wolff,* 66 Pa. Superior Ct. 328.

Since the Act of 1895 the rights of the husband and the wife may be redressed in only one suit, and but one can be brought. If, in a separate action, the wife recovers damages for such items of expense which she paid or agreed to pay, there could be no recovery for the same expenses by the husband even if he were primarily liable.[1] It is not appellee, if responsible for

---

[1] In *Donoghue v. Consolidated Traction Co.,* 201 Pa. 181, 50 A. 952, the action was by the husband to recover damages for injuries to his wife. It appeared at the trial that plaintiff's wife had previously brought her action for the personal injuries declared for in plaintiff's statement, and recovered a verdict and judgment. Plaintiff did not join in the suit, nor was any rule taken on him to join. These facts appearing, the trial court entered a compulsory nonsuit which it subsequently refused to take off. The judgment was affirmed by the Supreme Court.

In *Loughrey v. Pennsylvania Railroad Co.,* 284 Pa. 267, at page 272, 131 A. 260, at page 262, it was said: "Furthermore, the defendant might have entered a rule on the husband to join in the wife's suit, as the second section of the above cited act [of 1895, P. L. 54] provides; in any event it was not injured by the nonjoinder of the husband, as the damages recovered were not greater than could have been in a joint action, and the judgment is a bar to any claim by the husband."

appellant's injuries, who could complain of appellant's recovery of such damages, but her husband. But he did not join in the action, and it is too late for him to do so. Appellant paid or rendered herself liable for such expenses, and payment could be enforced against her. Under such circumstances, in her separate action she is now entitled to recover from a negligent defendant necessary expenses resulting from her injuries, which she has paid or for which she has bound herself.

The reason for the rule upon which *King v. Thompson et ux.,* supra, was decided no longer exists. The law has been substantially changed by the Acts of Assembly to which we have herein referred.

Appellant was entitled to show as an element of her damages necessary expenses resulting from her injuries which she paid or contracted to pay. Exclusion of offered proofs of appellant's expenses precluded recovery of damages which she was entitled to have the jury consider, and the court below should have granted appellant's motion for a new trial.

Judgment is reversed, with a venire facias de novo.