# Donoghue, Appellant, *v.* Consolidated Traction Company.

*Negligence—Husband and wife—Suit for injuries to wife—Act of May 8, 1895, P. L. 54.*

The 1st section of the Act of May 8, 1895, P. L. 54, providing that rights of action for personal injuries to a wife "shall be redressed in only one suit," is mandatory, and only one suit can be brought. There is nothing in the 2d section which is repugnant to the 1st section, or will permit either husband or wife to bring a second suit.

*Constitutional law—Husband and wife—Personal injuries to wife—Act of May 8, 1895, P. L. 54.*

The Act of May 8, 1895, P. L. 54, providing that personal injuries to a wife "shall be redressed in only one suit brought in the names of the husband and wife," is constitutional. As the legislature has the power to take from a husband his right of action for loss of the wife's services, it has the power to regulate the exercise of such right.

Argued Oct. 31, 1901. Appeal, No. 76, Oct. T., 1901, by plaintiff, from order of C. P. No. 3, Allegheny Co., Feb. T., 1900, No. 414, refusing to take off nonsuit, in case of Robert Donoghue v. Consolidated Traction Company. Before Mit-chell, Dean, Fell, Brown and Mestrezat, JJ. Affirmed.

Trespass to recover damages for injuries to a wife. Before McClung, J.

At the trial it appeared that Katharine Donoghue, plaintiff's wife, had previously brought her action for the personal injuries declared for in plaintiff's statement, and recovered a verdict and judgment. Plaintiff did not join in the suit, nor was there any rule taken on him to join. These facts appearing, the

court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*M. A. Woodward*, for appellant.

*Edwin W. Smith*, with him *Knox & Reed*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, January 6, 1902:

The first question presented in this case is the construction of the Act of May 8, 1895, P. L. 54.

The act provides: " Sec. 1.   Whenever injury, not resulting in death, shall be wrongfully inflicted upon the person of the wife, and a right of action for such wrongful injury accrues to the wife, and also to the husband, these two rights of action shall be redressed in only one suit brought in the names of the husband and the wife.

" Sec. 2. Either the husband or the wife may waive his or her right of action, and his or her failure to join in the suit, within twenty days after service of a rule to join, or be barred, shall be conclusive evidence of such waiver; but if both join in the suit, separate verdicts shall be rendered," etc.

The 1st section is mandatory in terms, " shall be redressed in only one suit." The evil it was designed to remedy was real. Where separate actions were brought, and tried at different times before different juries, the latter were apt to duplicate the damages. In the husband's action, generally tried first, the injury and suffering of the wife were naturally part of the evidence to show the extent of the husband's deprivation of her services and the jury's sympathies with her inevitably even if not altogether consciously influenced his damages. Then when her action came to trial the jury if they happened to hear of the other verdict were always carefully told that it did not include anything for the wife. The evil was not only real but in practice substantial, and the act to remedy it was mandatory not only in terms but also in intent.

But it is claimed that the second section is inconsistent with this view, and that a separate second action may still be brought unless the husband or wife, not party to the first, shall waive

the right by failure to come in after notice and rule. But there is no necessary repugnancy in the sections. The first prescribes that there shall be but one action and that it shall be brought in the names of the husband and wife. If this section stood alone a plea in abatement of the nonjoinder would be fatal to the separate action. If the husband refused to join, as is said by his counsel that he did in this case, there would be a hardship to the wife without remedy. The 2d section gives the remedy by the rule to join or be barred by conclusive evidence of waiver, and thereafter the separate action may proceed. The rule, it is to be observed, is not to bring or to be allowed to bring a separate action, but to come into the joint action which alone is permitted, or be barred altogether. The provisions of the second section are as much for the benefit of the husband and wife separately or jointly as plaintiff or plaintiffs, as they are for the defendant, and there is no obligation on one more than on another to procure a rule.

Secondly as to constitutionality. There is no natural right in one person to damages for injury to another. At common law the husband had an action for damages for injury to the wife whereby he lost her services, because he had the right to her services, including her earnings. The right arose from the common-law relation of unity of person, the husband as to personal property and services being the person. But marriage is a civil contract involving rights under the control of the law-making power. The legislature may sever the unity of person, and as to property, the right to separate earnings of the wife, and the damages for personal injury to her, it has already done so to a very great extent. It would be but a step farther in the same direction to take away altogether the husband's action for loss of services of the wife. A fortiori the power to destroy the right entirely includes the power to regulate its exercise. There is no constitutional right which is infringed by this act.

Judgment affirmed.