## Jameson v. Fowle

*Robert McK. White* and *Elmer D. O'Neill,* for plaintiff.

*Chambers & Chambers,* for defendant.

BRAHAM, P. J., January 6, 1943.—Can a wife who has suffered personal injuries in Ohio and has brought

an action therefor in an Ohio court be compelled to join in an action of trespass brought by her husband in this court to recover his damages or suffer the penalty of losing her right? That is the question now before the court.

The situation is not involved. Mr. and Mrs. Jameson are residents of Pennsylvania. On October 27, 1941, Mrs. Jameson was injured in an automobile accident in Ohio while she was a guest of defendant. R. B. Jameson, the present plaintiff, having brought suit to recover damages alleged to have been caused him by the neglect of defendant, the defendant filed an affidavit of defense and a motion under Pa. R. C. P. 2228 to notify the wife of the pendency of the action and to compel her to join as party plaintiff within 15 days or be forever barred. This order was made on September 22, 1942, and served September 24, 1942. On October 24, 1942, defendant filed an appearance de bene esse, challenging the jurisdiction of this court to make the order compelling her to join and praying that the said order be dismissed.

A number of reasons are advanced to support the petition for dismissal: First, the procedural rule "does not comply with the Act of May 8, 1895, P. L. 54"; second, the Act of 1895 is unconstitutional; third, Berle Brown Jameson's claim arose not under the laws of Pennsylvania but under the laws of Ohio; fourth, she brought suit in Ohio on the same day on which her husband brought the present suit in this court.

As to the first reason, it should not now be necessary to state that lack of conformity with a prior statute is no objection to a rule of the Supreme Court if the prior statute has been duly suspended. Article I, sec. 12, of the Constitution of 1874 provides: "No power of suspending laws shall be exercised unless by the Legislature or by its authority." Pursuant to the implied authority thus given, the legislature, by the Act of June

21, 1937, P. L. 1982, 17 PS §61, empowered the Supreme Court to make Rules of Civil Procedure which should be effective to suspend the operation of statutes inconsistent with the rules. On June 7, 1940, the Supreme Court adopted general rules numbered 2226-2250 governing joinder of parties which were effective February 5, 1941. Pa. R. C. P. 2250 suspends absolutely, inter alia, the Act of 1895, upon which Berle Brown Jameson relies.

The relevant sections of the rules in question are as follows:

Pa. R. C. P. 2228 (*a*) : "If an injury, not resulting in death, is inflicted upon the person of a wife, and causes of action therefor accrue to the wife and also to her husband, they shall be enforced in one action brought by the husband and the wife."

Pa. R. C. P. 2232 (*a*) : "The cause of action of a person required to join in an action as a party plaintiff by Rule 2228 shall be barred by failing to join therein if the defendant has given such person such notice of the pendency of the action as the court by general rule or special order shall direct."

The Act of 1895 provides that a failure to join in the suit within 20 days after service of a rule to join, or be barred, shall be conclusive evidence of waiver of the right of action.

Pa. R. C. P. 2232 (*a*) states no time within which a party must join, requiring only such notice of the pendency of the suit as the court by general rule or special order shall direct. Lacking a general rule on the subject, by special order in this case we fixed the period of 15 days. In view of the background of Constitution, statute, and Supreme Court rules, the variation between 20 days and 15 days is of no moment. Under the Act of 1895 also time was not of the greatest moment because a party might be barred without any notice: Donoghue v. Consolidated Traction Co., 201 Pa. 181,

The second contention of Berle Brown Jameson, namely, that the Act of 1895 is unconstitutional, may be dismissed by reference to Donoghue v. Consolidated Traction Co., supra, in which the constitutionality of the act was specifically upheld.

Mrs. Jameson's third and fourth reasons for dismissal may be considered together. According to her contention, since suit is upon an Ohio cause of action and she brought suit in Ohio on the same day her husband sued in Pennsylvania and, of course, before any notice to her to join in his suit, this court is powerless to make an order compelling her to join with him.

There is no doubt whatever about the right of this court to determine that Mrs. Jameson must bring her suit here or nowhere in Pennsylvania. If the husband's suit be considered, it is clear that, since it is based upon an Ohio cause of action, it is entertained here from principles of comity.

"The state policy decides whether and to what extent the State will entertain in its courts transitory actions, where the causes of action have arisen in other jurisdictions": Chambers v. Baltimore & Ohio R. R. Co., 207 U. S. 142, 148, 52 Law. Ed. 143, 146.

This is subject to the principle that there may be no discrimination between citizens of the State of the forum and citizens of any other State: idem. Furthermore, "There is no natural right in one person to damages for injury to another." It is the State which gives and which may limit the right: Donoghue v. Consolidated Traction Co., supra, p. 183; Loughrey v. Pennsylvania R. R. Co., 284 Pa. 267; Fulcomer v. Pennsylvania R. R. Co., 141 Pa. Superior Ct. 264. If the wife's right of action be considered, her suit is also entertained out of principles of comity and thus this State has more right of regulation rather than less.

Our order of joinder requires Berle Jameson to join in this suit or "be forever barred from prosecuting

such claim." Pa. R. C. P. 2232 (a) provides that the cause of action "shall be barred by failing to join." Does this mean barred in Pennsylvania or everywhere? Various interesting but remote possibilities have been suggested in the oral argument and in the briefs. They may be briefly disposed of. Perhaps R. B. Jameson's suit is to be dismissed for failure of his wife to join. No one has as yet asked for its dismissal. Perhaps an attempt will be made to adjudge Mrs. Jameson in contempt of court if she continues to prosecute her suit in Ohio after an order of joinder here. There are some situations in which a court may order or enjoin the commission of an act in another State: A. L. I. Restatement of Conflict of Laws, §§94-97; State ex rel. v. District Court of Hennepin County (Minn.), 168 N. W. 589, 1 A. L. R. 145. But no such relief has been asked by defendant. Perhaps the right of suit may be denied Mrs. Jameson if she recovers judgment in Ohio and brings suit here on that judgment or possibly the right to execution may be refused her. All these are very interesting possibilities but not necessary to a decision of the present controversy.

The point that we do decide is that the order upon Berle Brown Jameson to join or be forever barred cannot be dismissed because it is certainly valid, at least so far as the courts of Pennsylvania are concerned.

Entertaining these views we make the following

### Order

Now, January 6, 1943, the petition of Berle Brown Jameson to strike off the order of this court dated September 22, 1942, commanding her to join with R. B. Jameson as party plaintiff or be forever barred, is hereby refused and the rule issued upon defendant is hereby discharged.