## Laspina v. Schade

*Scales & Shaw*, for plaintiff.
*Carrol Caruthers*, for defendant.

O'CONNELL, P. J., March 17, 1958.—In this proceeding in equity Sam Laspina, complainant, alleges

that he is the owner of a certain piece, parcel or tract of coal with mining rights, which he obtained by deed dated March 3, 1953, from Westmoreland Incorporated and Westmoreland Coal Company, which said deed is recorded in this county in Deed Book 1486, page 465.

An accurate description of the said coal and mining rights is set forth in an exhibit designated as exhibit A, attached to the bill and made part thereof.

While the caption of the bill is "Sam Laspina, Complainant", and the allegation in the body of the bill is that he is the owner, the allegation in the last line of the third paragraph is that "said property being conveyed to the complainant, Sam Laspina, and his wife, Anna Laspina", and the fifth paragraph of the bill contains the following: "that your complainant, Sam Laspina . . . has found it necessary for ingress and egress to and from said coal to travel over the surface now owned by Elmer Schade . . . all of which rights have been fully granted to the said Sam Laspina, complainant above named, and to his wife, Anna Laspina . . ." and "that on or about July 20, 1955, the said defendant, Elmer Schade barricaded the entrance to the said mine and thereby, by force, is preventing the said Sam Laspina, complainant above named from entering said mine." However, Anna Laspina does not sign the bill or petition, or otherwise become a party of this proceeding. See Sielecki v. Sielecki, 107 Pa. Superior Ct. 291, 295.

To this bill an answer was filed by defendant, in which the first and second paragraphs of the complaint are admitted, but it is denied that Sam Laspina is the owner of the coal and mining rights referred to in the deed recorded in Deed Book 1486, page 465. In other words, it is denied that plaintiff, Sam Laspina, is the sole owner in fee of the coal described in the deed from the coal companies and it is contended that

he, Sam Laspina, may not maintain the present action alone. . . .

## Discussion

An inspection and perusal of the deed to plaintiff for the coal and mining rights, as it is recorded in the office of the Recorder of Deeds in and for Westmoreland County, establishes the fact that the coal and mining rights claimed by plaintiff were conveyed to Sam Laspina and Anna Laspina, his wife. There is no evidence as to whether Anna Laspina is living or dead, or whether or not the parties are divorced.

While it was held, in some of the earlier cases, that the husband may maintain, in his own name, an action of trespass quare clausum fregit for cutting down and carrying off timber (Fairchild v. Chastelleux, 1 Pa. 176), the proper practice now is to join both husband and wife.

The Rules of Civil Procedure have made considerable change in the practice and procedure in cases such as the one now before us.

In 3 Goodrich Amram §2228(a)-1, it is said:

". . . At the common law, both in England and in Pennsylvania, these separate causes of action of the husband and wife had to be enforced in separate actions even though the proof in each, except for damages, would be largely the same. This fact argued strongly in favor of a rule of procedural convenience requiring the husband and wife to bring one suit in which both claims were enforced, and save the time, expense and annoyance of duplicate actions. This mandatory joinder was accompilshed in Pennsylvania by a statute which provided that if either spouse failed to join initially in the suit and later refused to join after being served with a rule to join, such spouse would be forever barred from suing the defendant. The policy underlying this statute was favored by the courts and the act was so strictly construed against the nonjoining spouse that

he was barred by mere failure to join even though he was not served with any rule. Rule 2228(a) supersedes the Act of 1895 but restates its provision that husband and wife must join in one action to enforce their separate claims arising from a non-fatal injury of the wife."

While this commentary applies to personal injuries, we are of opinion that if Anna Laspina is living she should join, or be joined, in this bill and made a party thereto. Even if she is divorced and living "the estate retains the incidents which pertained to it at its inception."

In Taylor v. Rounds, 349 Pa. 157, Mr. Chief Justice Maxey said, quoting from page 158:

"Since the actions of both husband and wife 'shall be redressed in only one suit brought in the names of the husband and wife' (Sec. 1 of the Act of May 8, 1895, P. L. 54, 12 PS 1621, and Rule 2228(a) of the Supreme Court Rules of Civil Procedure), and since this act is mandatory (Donoghue v. Consolidated Traction Company, 201 Pa. 181, 50 A. 952), it follows that a new trial must also be granted as to Mrs. Taylor's claim." See also Judge Musmanno's statement on page 609, in the case of Todd v. Bercini, 371 Pa. 605, 609.

In Magee v. Morton B. & L. Assn., 103 Pa. Superior Ct. 331, Judge Cunningham said, quoting from page 335:

" 'Even joint tenants, who are regarded as having one entire and connected right, and are said to be seized per my et per tout, each having the entire possession as well of every parcel as of the whole, cannot sue separatedy for themselves, or for the joint benefit of themselves and their fellows, but must join and be joined in all actions respecting the estate.' "

The decisions, it has been said, of the courts of Maryland and Pennsylvania follow the common law and are

in accord in respect of the character and incidents of tenancy by the entirety. In legal contemplation the tenants constitute a unit, neither can dispose of any part of the estate without the consent of the others and the whole continues in the survivor.

In Schweitzer v. Evans, 360 Pa. 552, Mr. Justice Stern said, quoting from page 557:

"There is no general agency arising from the marital relationship nor any presumption flowing therefrom that either spouse has authority to convey real estate held by the entireties without the other's joinder therein."

It seems hardly necessary to argue any further, as rule 2227 (a) of the Rules of Civil Procedure provides:

"(a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants." See also Magee v. Morton B. & L. Assn., supra; Pastore v. Forte, 104 Pa. Superior Ct. 55, and Sielecki v. Sielecki, supra.

As stated by Judge Crumlish in The Haig Corporation v. Thomas S. Gassner Co., Inc., 66 D. & C. 257, quoting from page 262:

"There is no 'clear and definite rule to determine what use by the owner of a servient estate is an 'unreasonable interference' or a 'material interference' with the easement."

It should be borne in mind that the mining rights affecting this property, and under which plaintiff claims were founded, were made some 50 years ago, and as we understand, electricity was not used within the coal mines at that time. We are not convinced that plaintiff, an inexperienced man, could or should erect and string live electric wires over the surface of the land in question. Neither are we convinced that the deed under which plaintiff claims gave him any building rights on the surface of the land in question.

The several deeds were not made a part of the record, but the deed books, in which they are recorded, were offered. This court has never had the time to examine the records in the recorder of deed's office and cannot do so now. It seems to be conceded, however, that the stable where plaintiff's horse is kept is located on the land of Mrs. Schade. It is not the province of equity to determine property lines or the question of their location. That part of the question should be referred to a jury.

Plaintiff cites Eichelberger v. Eichelberger, 4 Clark 73. However this was a personal action before a justice of the peace in the year 1845, 100 years before the adoption of the Rules of Civil Procedure. Plaintiff also cites Magee v. Morton B. & L. Assn., supra, but in that case, the suit was entered in both names.

In Sielecki v. Sielecki, supra, it was held that a husband's agreement for the sale of timber growing on lands owned by him and his wife as tenants by entireties is void.

"Husband and wife do not each own a one-half or any divisible part of the property, but both own the whole of it; each is seized per tout et non per my": Wallaesa v. Wallaesa, 174 Pa. Superior Ct. 192, 195. See also Madden v. Gosztonyi Saving & Trust Company, 331 Pa. 476.

In Kranchalk v. Simon, 80 D. & C. 289, Judge Sohn said, quoting from page 292:

". . . not only does Rule of Civil Procedure 2227 (a) require the husband and wife to join in an action to recover for damages to property owned as tenants by entireties, but also Rule of Civil Procedure 2227 (b) provides a procedural device by which a willing spouse can compel the joinder of an unwilling spouse."

We are not persuaded that this is a case for the equity side of the court. . . .

*Decree Nisi*

And now, to wit, March 17, 1958, after hearing and after due and careful consideration, it is ordered, adjudged and decreed that the injunction heretofore granted be and the same hereby is dissolved, and that the bill of complaint be and the same hereby is dismissed at the cost of plaintiff. This decree nisi shall become absolute in 20 days from the date hereof unless exceptions are filed thereto.