## Neuberg v. Bobowicz

*Norman Shigon,* for plaintiffs.
*Victor L. Drexel,* for defendant.

REIMEL, J., May 8, 1959.—This matter comes before the court on defendants' preliminary objections to plaintiffs' complaint in trespass.

Plaintiffs instituted this trespass action to recover for personal injuries sustained by plaintiff, Israel Neuberg, while a passenger in a motor vehicle owned

and operated by defendant, Fliegelman. Said vehicle came into contact with a motor vehicle owned and operated by defendant, Bobowicz.

Wife plaintiff, Toby Neuberg, alleges in paragraph 8 of the complaint that "As a result of the aforesaid personal injuries and disabilities of the plaintiff, Israel Neuberg, his wife, Toby Neuberg, has, is, and will in the future suffer the loss of the society, services, a sexual companionship of her husband, Israel Neuberg".

Defendants' preliminary objections, by way of demurrer and motion to strike, state that wife plaintiff fails to state a cause of action for loss of consortium occasioned by the alleged injuries sustained by plaintiff husband.

A married woman is not entitled to recover from one who, by his tortious conduct against her husband, has become liable to him for illness or other bodily harm, for harm thereby caused to any of her marital interests or for any expense incurred in providing medical treatment for her husband: A. L. I. Restatement of the Law of Torts, p. 496, §695.

This was the doctrine of the common law and is the law in Pennsylvania. While the appellate courts of this Commonwealth have never decided this question, the lower courts have upheld the common law doctrine: Chomko v. Butchkabitz, 53 Lack. Jur. 180; Stedman v. Phillips, 36 Lack. Jur. 128; Dupe v. Hunsberger, 58 D. & C. 483; Harris v. McDermott, 87 Pitts. L. J. 287; Faust v. Kunselman, 30 Wash Co. 106.

There is no natural right in one person to damages for injury to another. At common law the husband had an action for damages for injury to the wife whereby he lost her services, including her earnings. The right arose from the common law relation of unity of person, the husband as to personal property and services

being the person. But marriage is a civil contract involving rights under the control of the lawmaking power. The legislature may sever the unity of person, and as to property, the right to separate earnings of the wife, and the damages for personal injury to her, it has already done so to a very great extent. It would be but a step further in the same direction to take away altogether the husband's action for loss of services of the wife: Donoghue v. Consolidated Traction Company, 201 Pa. 181, 183.

It is to be noted that Judge Soffel has overruled preliminary objections to the joinder of the wife as a party plaintiff claiming damages for loss of consortium of her husband on the theory that " 'What is sauce for the gander is sause for the goose' ": Hayes v. Swenson, 14 D. & C. 2d 708, 713. While this court may be inclined to Judge Soffel's view, such a change in our law must be effected by the legislature and the Supreme Court of Pennsylvania.

Defendant's preliminary objections are sustained, and paragraph 8 of the complaint is stricken from the record.