## Mlynek v. Yarnall

*Paul A. McGinley*, for plaintiff.

*Butz, Hudders, Tallman & Rupp*, for defendant.

HENNINGER, P. J., September 15, 1959.—Plaintiff Stephen J. Mlynek was injured when struck by an automobile while, as a pedestrian, he was crossing a highway. He seems to have been seriously injured and he and his wife brought this action against the operator of the automobile.

The wife's claim is based solely upon loss of "companionship and consortium" of her husband. Defendant has filed preliminary objections asking the court to adjudge the wife's count for damages insufficient in law and not stating a valid cause of action.

We are so thoroughly convinced that no such right of action exists in Pennsylvania that we forego the temptation of writing a thesis upon the subject.

In the leading case of Donoghue v. Consolidated Traction Company, 201 Pa. 181, we find the oft-quoted language, page 183:

"There is no natural right in one person to damages for injury to another. At common law the husband had an action for damages for injury to the wife whereby he lost her services, because he had the right to her

services, including her earnings. The right arose from the common-law relation of unity of person, the husband as to personal property and services being the person. But marriage is a civil contract involving rights under the control of the lawmaking power. The legislature may sever the unity of person, and as to property, the right to separate earnings of the wife, and the damages for personal injury to her, it has already done so to a very great extent. It would be but a step farther in the same direction to take away altogether the husband's action for loss of services of the wife. A fortiori the power to destroy the right entirely includes the power to regulate its exercise."

In a case in which a mother sued to recover for loss of companionship of an injured daughter, the Supreme Court of Pennsylvania, in what must be conceded to be obiter dictum, stated in Quinn v. Pittsburgh, 243 Pa. 521, 525:

"The right to recover for loss of companionship is confined to cases where a husband sues for injuries to his wife. The law does not recognize loss of companionship as an element of damage in any other relation."

Lower courts have uniformly, until 1958, held that, under the common law and the law of Pennsylvania, a wife is not entitled to recover for loss of consortium: Stedman v. Phillips, 36 Lack. Jur. 128; Dupe v. Hunsberger, 58 D. & C. 483; Harris v. McDermott, 87 Pitts. L. J. 287, 288; Chomko v. Butchkabitz, 53 Lack. Jur. 180; Faust v. Kunselman, 30 Wash. Co. 106, 109.

There is a well considered case by the learned Judge Soffel in which she concluded that the time has arrived to allow the wife to sue for loss of consortium: Hayes v. Swenson, 14 D. & C. 2d 708, 713. The opinion in effect concedes that present Pennsylvania law is against permitting the wife to recover for loss of consortium, but Judge Soffel held that it should no longer

be the law, and courageously and by a bold stroke she pronounces the new principle.

The argument for allowing the wife to recover for loss of consortium is on the basis of woman's improved status in modern society and to place her on an equality with her husband. We cannot accept this reasoning. If, as contended, the husband's right to recover for loss of consortium is based upon the wife's lowly status as a servant or as a chattel, then to grant the wife a right to so recover does not lift the wife to the status of her husband, but it reduces the husband to the outworn concept of the wife's lowly status. Rather than grant to the wife the right to damages for loss of consortium, the logical solution would be to terminate the husband's claim on the theory that the wife is no longer the servant and chattel.

In any event, we concur with the above quoted suggestion in Donoghue v. Consolidated Traction Co., supra, and with that in Neuberg v. Bobowicz, 18 D. & C. 2d 421, that the remedy lies with the legislature or with our appellate courts.

We arrive at this conclusion the less reluctantly because there is no allegation of emasculation and, therefore, if the husband's companionship was a valuable asset to the wife, as we would presume it to be, she probably enjoyed more of the companionship during his convalescence than in normal times.

Since loss of consortium would be wife plaintiff's only item of damage, she is not a proper party plaintiff.

Now, September 15, 1959, the count of Genevieve T. Mlynek for damages is stricken from the pleadings and the name of Genevieve T. Mlynek as a party plaintiff is stricken from the record and the case may proceed on the claim of plaintiff: Stephen J. Mlynek. Defendant may, if he will, file an answer to the complaint as against Stephen J. Mlynek within 20 days after service of this order upon his counsel.